COYNE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1917.)

No. 3054.

WITNESSES ☜➡359—EVIDENCE—CREDIBILITY.

In a prosecution for one crime, evidence that accused was indicted for another distinct offense is inadmissible on the question of his credibility as a witness, for an indictment is a mere accusation, and raises no presumption of guilt; the indicted person being presumed innocent until his guilt is established beyond reasonable doubt.

In Error to the District Court of the United States for the Western District of Texas; Gordon Russell, Judge.

Lee F. Coyne was convicted of violating Act June 25, 1910, commonly known as the White Slave Traffic Act, and he brings error. Reversed.

Harry C. Miller, of El Paso, Tex., for plaintiff in error.

R. E. Crawford, Asst. U. S. Atty., of El Paso, Tex.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. The plaintiff in error was convicted of a violation of Act Cong. June 25, 1910, c. 395, 36 Stat. 825 (Comp. St. 1916, §§ 8812–8819), commonly known as the White Slave Traffic Act. He testified as a witness in his own behalf. On his cross-examination he was required, over objection duly interposed by his counsel, to answer the question: "You are under indictment up there in the federal court in Seattle for blackmail?" His answer to the question was: "I don't know. I deny that I am under indictment in Seattle. I have no knowledge of any other indictment, only right here in El Paso." After the defendant rested, the prosecution offered in evidence an indictment which, as was agreed by a stipulation of the counsel for the respective parties, which was made a part of the bill of exceptions, was in effect as stated by the court in the following statement made in overruling the defendant's objection to the introduction of the indictment, on the grounds, among others, that the evidence of the indictment was irrelevant and immaterial:

"This bill of indictment is certified to by the clerk of the United States District Court for the Western District of the State of Washington, and contains 33 pages of allegations. It contains what is commonly known as a number of counts, there being in this bill of indictment eight counts, and these counts charge this defendant, Lee F. Coyne, and John W. Roberts, with conspiracy to extract money from a man by the name of Yarbrough by accusing him of violating the White Slave Traffic Act. The bill of indictment alleges that by means of inducement they induced Yarbrough to surrender certain money to them, I believe the allegation is as much as $2,000. It also contains a count in which it alleges that in furtherance of a conspiracy Lee F. Coyne and John W. Roberts represented themselves to be agents and officers of the United States government charged with the execution and enforcement of the White Slave Traffic Act. Now, that indictment has been objected to by the defendant; the court has overruled the objection of the defendant and

permitted the indictment to go in evidence. I desire to state to the jury here now the only purpose for which the indictment is admitted, and the only purpose for which you can consider it, is to enable you to pass upon the credibility of the defendant, Lee F. Coyne, as a witness; the defendant having testified as a witness in this case. This indictment may be considered by you for the purpose of enabling you to pass upon and determine the amount of credit and belief you give him as a witness. It must not be considered by you as any evidence of the truth of the allegations in the indictment for which the defendant is on trial in this court, nor must it be considered by you as evidence of the truth of the allegations contained in this bill of indictment offered in evidence; but I am simply permitting the fact to go to the jury that the defendant was indicted in this case in the state of Washington, as I stated to you, for the sole purpose of enabling you to pass upon his credibility as a witness. You must not consider it for any other purpose so far as this case is concerned; but you may consider it for the purpose of enabling you, among other circumstances in the case, to pass upon his credibility as a witness."

Exceptions were reserved to the above-stated rulings of the court. We are of opinion that those rulings were prejudicially erroneous. The fact that an unproven charge has been made against one has no logical tendency to prove that he has been guilty of any offense, or to impair the credibility of his testimony. An indictment is a mere accusation, and raises no presumption of guilt. On the contrary, the indicted person is presumed to be innocent until his guilt is established, by legal evidence beyond a reasonable doubt, in a court of competent jurisdiction. It does not seem to be fairly open to question that he is deprived of the benefit of this presumption by the admission against him of evidence of the fact that a charge, based upon ex parte evidence, which, when combated on a trial, may turn out to be utterly untrustworthy, has been made against him. It is not uncommon for entirely innocent persons to be indicted. It would be a gross injustice to permit the fact of such a making of a charge to be used to the prejudice of the person against whom the unproved charge is made. The evidence admitted over the objections made did not any more shed light on the question of the credibility of the defendant's testimony than it did upon the question of his guilt or innocence of the offense for which he was on trial. Glover v. United States, 147 Fed. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184; People v. Morrison, 195 N. Y. 116, 88 N. E. 21, 133 Am. St. Rep. 780, 16 Ann. Cas. 871; Bonaparte v. Thayer, 95 Md. 548, 52 Atl. 496; Slater v. United States, 1 Okl. Cr. 275, 98 Pac. 110; 5 Jones on Evidence, § 838.

Because of the errors above mentioned the judgment is reversed.