## WALKER GRAIN CO. v. BLAIR ELEVATOR CO.

(Circuit Court of Appeals, Fifth Circuit.   December 14, 1918.)

No. 3229.

1. TRIAL ☞412—OBJECTIONS TO EVIDENCE—WAIVER.
   Where defendant objected to a question to its witness as to whether he had been indicted for forgery, it was not a waiver of the objection and exception for defendant's counsel to state in the presence of the jury that he was not trying to keep anything back, and would like to have the witness explain the matter, as he stated he could.

2. WITNESSES ☞345(1)—CREDIBILITY—INDICTMENT.
   Evidence of a pending indictment is not competent to affect the credibility of a witness.

3. EVIDENCE ☞158(28)—BEST AND SECONDARY—ORAL ASSIGNMENTS.
   Oral proof of assignment of a cause of action is proper, where it was not shown to have been in writing; and the fact that a memorandum of the terms was contained in a journal entry on the assignee's books of account does not establish that the assignment was in the form of a written contract.

4. SALES ☞58—REFERENCE.
   Where a contract for the sale of corn for future delivery referred to the trade rule, such rule thereby became a part of the contract.

5. EVIDENCE ☞450(5)—ORAL EVIDENCE—TRADE RULE.
   Where a trade rule, which was part of a contract, was ambiguous, oral proof was properly permitted to elucidate it.

6. SALES ☞64—CONSTRUCTION—TRADE RULE.
   Under a trade rule, which by reference was incorporated into and made a part of a contract for the sale of corn for future delivery, held, that it was immaterial to the buyer how long before the exercise of the election of the seller to ship the grain, or cancel the contract, notice of election was given, provided it reached the buyer 24 hours before election was exercised.

In Error to the District Court of the United States for the Northern District of Texas; William R. Smith, Judge.

Action by the Blair Elevator Company against the Walker Grain Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded for further proceedings.

Wm. H. Slay, Mike E. Smith, Uriah M. Simon, and Theodore Mack, all of Ft. Worth, Tex., for plaintiff in error.

Stanley Boykin, of Ft. Worth, Tex. (H. C. Ray, of Durant, Okl., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.   This was an action in the District Court, brought by the defendant in error against the plaintiff in error for alleged breaches of contracts of sale and purchase of corn for future delivery.   The defendant in error claimed that the plaintiff in error breached the contracts by failing to accept and pay for the corn agreed to be purchased by it, and that it was entitled to recover, because of such breaches, the difference between the contract price and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the market price on the dates of the respective breaches. Only one shipment of corn was actually made by defendant in error, and it was rejected by plaintiff in error. With reference to the other contracts, the breaches relied upon by defendant in error were charged to have consisted in the failure by plaintiff in error to furnish billing instructions within the time required by the contracts. The issues involved the construction of the contracts in respect to the requirement as to the furnishing of billing instructions, and whether, in fact, such instructions had been sent by the plaintiff in error to the defendant in error, as required by the contract, or at all.

[1, 2] The evidence of defendant in error tended to show that such instructions were not received by it, while that of the plaintiff in error tended to show that they were mailed by it. Upon this issue the evidence was in sharp conflict, and depended largely upon the weight accorded to the evidence of the plaintiff in error's witness, J. L. Walker. Upon the cross-examination of this witness, he was asked whether he had been indicted for perjury. The plaintiff in error interposed an objection, which the court overruled, plaintiff in error excepting. No answer to this question was given. He was then asked if he had been indicted for forgery, and answered that he had. No new objection was interposed to this question. However, the record as to what transpired convinces us that the court below understood the plaintiff in error's objection to have been continued to this line of proof, and that it ruled, with that understanding, upon it. The District Judge, after announcing that he would sustain an objection to it, upon the idea that it was permissible only in a criminal case, finally said that he would change his ruling, and permit it to be shown upon the issue of the credibility of the witness. After the announcement of his final ruling, plaintiff in error again asked the court to note its exception. We do not think that the plaintiff in error waived its objection and exception, because its counsel, thereafter, said in the presence of the jury:

"We are not seeking to keep anything back, for the damage has already been done, and it is all for the jury; but we would like for him to explain, as he stated he could a while ago."

The witness then gave his explanation of the transaction. The plaintiff in error was entitled to have the explanation of the witness go before the jury, without withdrawing or waiving its previous objection to the question. We do not see that its counsel did more than state that, as the evidence of the pending indictment had been allowed to go to the jury, it was desirous that the witness make an explanation to the jury of his version of the transaction. In the case of Coyne v. United States, 246 Fed. 120, 158 C. C. A. 346, we held that evidence of a pending indictment was not competent to affect the credibility of a witness.

[3] As this necessarily results in a reversal of the judgment, it is unnecessary to consider the other assignments of error in detail, as they may not arise upon a future trial of the cause. We are not thereby to be taken as approving all the other rulings of the court below on matters of evidence. For the guidance of the parties in

the future conduct of the case, we may say that we think the court below properly admitted oral proof of the assignment of the cause of action to defendant in error, as it was not shown to have been in writing. The mere memorandum of its terms in a journal entry on the defendant in error's books of account would not show that the assignment itself was in the shape of a written contract.

[4-6] We are of the opinion that the court below properly construed the trade rule, which was referred to in the contracts and thereby became a part of them. The language of the rule is ambiguous, and oral proof was properly permitted to elucidate it. In the state of the evidence in the present record, we have no hesitation in construing the rule as if it read:

"The buyer shall be allowed 3 calendar days, after receipt of a demand from the seller for billing instructions, within which to furnish such instructions, and, failing to furnish such instructions within such time, the seller shall have the right to elect either to ship the grain to the post office address of the buyer, or to cancel the contract and charge the buyer with the difference between the contract price and the market price at the time of cancellation, provided the seller has given the buyer notice of his election for a period of 24 hours before the seller ships the grain or cancels the contract."

This construction is that established by the evidence as that customarily acted upon by the grain trade, which we would be reluctant to depart from for that reason. It also accords with the option given by the contract to the seller to ship during the shipping period. Under the construction contended for by the plaintiff in error (that a demand could only be made during the shipping period), the period of optional shipment given the seller would be diminished at least 3 days. A construction so inconsistent with the spirit of the agreement should only be adopted by the court where the language is compelling and unambiguous. The purpose of the 24-hour notice of election is evidently not to enlarge the 3-day period after demand for furnishing billing instructions but to enable the buyer to take steps to protect himself by getting knowledge for that period, at least, in advance of the exercise of the seller's election either to ship or to cancel and charge the buyer with the loss. For this purpose it is immaterial to the buyer how long before the exercise of the election the notice of the seller's election is given, provided it reaches him at least 24 hours before that election is exercised.

For the error pointed out, the judgment is reversed, and the cause remanded for further proceedings in conformity to this opinion.