## SOUZA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 27, 1925.)

No. 4361.

1. **Criminal law** ⬡=693—**Objections to validity of search warrant issued by commissioner and of search held too late.**

Where accused did not question validity of search warrant issued by commissioner, or of search, or move to suppress or object to use in evidence of articles seized until trial two years after he pleaded not guilty, objections were too late.

2. **Witnesses** ⬡=277(2)—**Cross-examining accused as to ownership of still and other property seized held not error.**

Where accused's testimony tended to convey impression that others might own still found in dugout under his dwelling, it was not error to cross-examine him as to ownership of the still and other property found in the dugout.

**3. Criminal law ⬅⇒374 — Witnesses ⬅⇒345 (1)—Better rule is that unproved charge does not tend to prove person's guilt or affect his credibility.**

Better rule is that unproved charge against person does not logically tend to prove his guilt, or affect his credibility.

**4. Criminal law ⬅⇒1170½(5)—Cross-examination of accused as to previous arrest, though improper, held not prejudicial.**

Where one accused of violating liquor law admitted ownership of still, use of mash in making liquor, and possession of liquor, he was not prejudiced by improper cross-examination as to his previous arrest.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Criminal prosecution by the United States against John R. Souza. Judgment of conviction, and defendant brings error. Affirmed in part and reversed and remanded in part.

Souza was convicted of possession of property designed to manufacture liquor, a 50-gallon still, a pump, fan, and electric motors; also, of possession of 50 gallons of jackass brandy; and also of having manufactured 50 gallons of jackass brandy. The information was filed and plea of not guilty entered in 1922. The trial was in 1924.

A prohibition officer testified that the defendant lived in a house on the premises described; that at times prior to his entry of the cellar, witness noticed the odor of distillation and fermenting mash coming from the premises; that acting upon the information he had and the use of his own senses, he obtained a search warrant from a United States commissioner, and pursuant thereto entered and searched a dugout under the house; that defendant was not there; that he read the warrant to defendant's wife; that he and other prohibition agents went through a small door underneath the side of the house, crawled along under the house, dug away some dirt, and entered a dugout where they found a 50-gallon still, 50 gallons of jackass brandy, and the other property described in the information. Defendant moved to exclude the articles seized, for the reason that the search warrant was issued without probable cause; that there was no evidence of sale on the premises; that the premises were defendant's private dwelling; and that defendant's constitutional rights were invaded. The court overruled the motion, and exception was saved.

Defendant in his own behalf testified that he and his family lived on the premises; that two other families lived downstairs in two apartments; that there was a basement with an entrance on the side of the house, and also through a little trapdoor in one of the rooms on the second floor; that he had not sold any intoxicating liquor on the premises. On cross-examination counsel for the government asked defendant if he did not own the still. Defendant objected on the ground that the question was not proper cross-examination. Defendant answered that it was part of a still and that he owned it, and that he owned the brandy that was seized. Counsel for the government then asked the witness if he had not been arrested in 1921. Witness said he had been. The court then asked the witness if he had made the jackass brandy. Defendant answered no, that it had been given to him "to finish up"; that he had mash there; and that he was trying to get rid of it and run that little to make some liquor for his own use. Exceptions were preserved to questions propounded by the court.

Gilman & Harnden, of Oakland, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Nearly two years elapsed between the time defendant entered his plea of not guilty and the date of the trial; yet not until the trial was progressing did defendant question the validity of the warrant, or search, or move to suppress, or object to, the use in evidence of the things that had been seized. In view of the fact that the search was made under the authority of a warrant issued by a commissioner, defendant's objections to the validity of the search came too late to avail him.

[2] There was no error in cross-examination of the defendant as to his ownership of the still and other property that was found in the dugout. His testimony on direct examination lacked frankness and reads as though he meant to convey the impression that others might have owned the still. It was proper to rebut any such inference by asking him the direct questions propounded by the court.

[3, 4] It was improper for counsel for the government to ask defendant if he had not been arrested in 1921. Coyne v. United

States, 246 F. 120, 158 C. C. A. 346; Glover v. United States, 147 F. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184; Forni v. United States (C. C. A.) 3 F.(2d) 354; Jones on Evidence, § 838. The better rule is that the fact that an unproven charge has been made against one does not tend logically to prove guilt of an offense or to affect the credibility of his testimony. But, as the defendant took the stand in his own behalf and admitted ownership of the still, and the use of the mash in making liquor, and possession of the brandy, he is not in a position to argue that he was prejudiced by the incompetent testimony.

The court sentenced the defendant to pay a fine on the first and second counts and to be imprisoned for one year under the third count. Counsel for the government concede that the sentence under the third count, which was for manufacturing, was in excess of the maximum imprisonment authorized by section 29, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), which provides that any person who manufactures in violation of title 2 shall, for a first offense, be fined not more than $1,000 or imprisoned not exceeding six months.

For this error the judgment under the third count must be reversed, and the cause is remanded to the District Court, with directions to enter judgment as authorized by the acts of Congress. As to counts 1 and 2 the judgment is affirmed.