## TERZO v. UNITED STATES.

(Circuit Court of Appeals. Eighth Circuit. October 14, 1925.)

No. 6897.

**1. Criminal law ⚖═478(1)—Witness held qualified to testify as to alcoholic content and fitness for beverage purposes.**

A witness of 13 years' experience testing liquor for alcoholic content at distillery by use of hydrometer *held* qualified to testify to its alcoholic content, and his testimony, based on smelling and tasting that liquor was fit for beverage purposes, was properly admitted.

**2. Criminal law ⚖═1119(1)—Alleged error, based on omission from record, which counsel neglected to have supplied, not considered.**

Alleged error in permitting samples of intoxicating liquors to go to jury to taste and smell cannot be considered where record does not show such to have been the case, and counsel took no steps to remedy omission in record after his attention was timely called to it.

**3. Witnesses ⚖═269(2), 344(2), 345(2)— Cross-examination of witness as to possession of still and arrest therefor held not within scope of direct examination or proper attack on credibility.**

Where witness testified on direct examination that defendant was working for him some miles from place where sales of liquor were alleged to have been made, cross-examination as to whether still had not been found on his farm, and whether he had not been arrested for possession of still and released on bail, *held* not within scope of direct examination, and not proper attack on credibility of witness.

**4. Criminal law ⚖═1156(1)—Overruling of new trial not basis for assignment of error.**

The overruling of a motion for a new trial furnishes no basis for assignment of error.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Charles Terzo was convicted of selling intoxicating liquor in violation of the National Prohibition Act, and he brings error. Reversed and remanded for new trial.

W. E. Lovely, of Omaha, Neb. (Lovely & Lovely, of Omaha, Neb., on the brief), for plaintiff in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb., Ambrose C. Epperson, Asst. U. S. Atty., of Hastings, Neb., and Andrew C. Scott and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted under an indictment containing two counts, each charging a sale of intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment also alleged a prior conviction for like unlawful sales, and the jury found specially that this was true.

Seven specifications of error are relied upon. The first three raise the question whether there was any evidence of former

conviction. In proof of former conviction there was introduced in evidence pages 216, 217, 218, and 219 of Journal 13 of the court, which were apparently identified as Government Exhibit No. 1. This record, when first offered, was refused admission on objection. Later, a witness, Samardick, identified the defendant as the man who formerly, to wit, February 9, 1923, had been tried and convicted for violation of the National Prohibition Act. The record was then received.

It is claimed by defendant that this record does not show that he was convicted in February, 1923, of unlawful sale of intoxicating liquor. What the record introduced in evidence shows we are unable to determine, because it is not before us. Though the stipulation of counsel relating to the bill of exceptions and the certificate of the judge settling the same both recite that the exhibits are attached to the bill of exceptions, this Exhibit No. 1, doubtless through inadvertence of counsel, does not appear in the transcript of record before this court. Were the exhibit vital to the determination of the case before us, we should take steps to procure it. Since we do not consider it vital, we pass by the first three specifications of error without further comment.

[1] Specification of error 4 challenges the qualification of the witness Lynch to testify as to the alcoholic content of the alleged liquor sold, and as to its fitness for beverage purposes. Lynch testified that he had had 13 years' experience working for the government at a distillery, testing liquor for alcoholic content. His method was the common one by use of the hydrometer. His testimony that the liquor was fit for beverage purposes was based upon smelling and tasting. We think the question of the qualification of the witness was rightly decided by the trial court. The criticism that is directed against his testimony goes to the question of weight rather than competency.

[2] Specification of error 5 challenges the action of the court in permitting a sample of the alleged liquor sold to be handed to the jury to taste and smell. The record does not show that the liquor was handed to the jury.

Counsel for defendant claims that such was the fact, and that there is an omission in the record. Since counsel's attention was timely called to this alleged omission in the record, and since he has not seen fit to take the proper steps to remedy it, the alleged error cannot be considered. See, however, Gallaghan v. United States (C. C. A.) 299 F. 172; Peru v. United States (C. C. A.) 4 F. (2d) 881.

[3] Specification of error 6 relates to the cross-examination of the witness Cuva. This witness, sworn on behalf of defendant, testified on direct examination that defendant was working for him on his farm some miles distant from Omaha on April 2d and 5th—the days when it is charged defendant made the sales of liquor in Omaha. This was the entire scope of the direct examination. On cross-examination the district attorney was allowed, over objection, to inquire of the witness at length whether an old still had not been found on his farm, and whether he had not been arrested for having the still in his possession, but released on bail. We think this was improper cross-examination, and highly prejudicial to the defendant. It was not within the scope of the direct examination. It was not the proper way in which to attack the credibility of the witness Cuva, if that was the purpose. 2 Wigmore on Evidence, § 982; Glover v. United States, 147 F. 426, 430, 77 C. C. A. 450, 8 Ann. Cas. 1184 (C. C. A. 8); Coyne v. United States, 246 F. 120, 158 C. C. A. 346; Walker Grain Co. v. Blair Elevator Co., 254 F. 422, 166 C. C. A. 54; Haussener v. United States, 4 F. (2d) 884, 887 (C. C. A. 8). The evidence sought was incompetent, if the attempt was to connect defendant with a still on the Cuva farm. It was prejudicial error to allow the cross-examination mentioned, and the judgment for that reason must be reversed.

[4] Specification of error 7 challenges the action of the court in overruling a motion for a new trial. That the ruling of the court on a motion for new trial furnishes no basis for an assignment of error is so well settled that citation of authorities is unnecessary.

Reversed and remanded for a new trial.