## MITROVICH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

### No. 4877.

1. **Criminal law** ⬦386—**Defendant, whose place government witness testifies informer pointed out as liquor nuisance, is not entitled to have name of informer disclosed.**

Defendant in liquor nuisance case is not entitled to have government witness, who has testified that the place was pointed out to him by an informer, required to state the name of informer.

2. **Criminal law** ⬦423(7)—**That defendant's colessee referred landlord to defendant for rent held admissible under rule as to act or declaration of conspirators, on prosecution for maintaining liquor nuisance.**

That during the latter part of the term of the lease to defendant and P., when they were charged with maintaining a liquor nuisance on the premises, and after the time defendant claimed his connection with the premises ceased, landlord, on calling for his rent, was referred by P. to defendant, held, in view of evidence that lessees had conspired together to lease the premises and maintain a nuisance there, admissible within rule that any act or declaration of either party in furtherance of object of conspiracy is competent evidence against the other.

3. **Witnesses** ⬦337(5).

It is not competent for purpose for discrediting defendant as witness to show that he had previously been arrested.

4. **Criminal law** ⬦661.

Mere discretion of court is not broad enough to justify admission of testimony otherwise manifestly incompetent and prejudicial.

5. **Criminal law** ⬦1170½(5)—**Witnesses** ⬦349.

Showing on cross-examination of defendant that he had previously been arrested, wholly foreign to anything in his direct, held erroneous and prejudicial.

6. **Witnesses** ⬦274(2)—**Asking character witness for defendant on cross-examination whether he had heard that defendant had been convicted of crime held proper.**

Character witness for defendant may be asked on cross-examination whether he had not heard that defendant had been convicted of crime; this going directly to weight and credibility of witness' testimony.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Marco Risto Mitrovich was convicted of maintaining a nuisance, in violation of the National Prohibition Act, and he brings error. Reversed and remanded for new trial.

Collier, Collier & Bernard and William G. Smith, all of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment of conviction for maintaining a common nuisance at 14 North Broadway, in the city of Portland, state of Oregon, on various dates between November 15, 1924, and May 22, 1925, in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). The premises in question were leased in November, 1924, by one Plecash and the plaintiff in error. Ostensibly, at least, the former intended to engage in the painting business, and the latter in the real estate and insurance business, and to act as interpreter for his Serbian countrymen whenever called upon to act in that capacity. The information upon which the case was tried was filed jointly against both tenants, but Mitrovich alone was placed on trial. There was testimony tending to show that intoxicating liquor, fit for beverage purposes, was kept and sold on the premises between November 15, 1924, and May 22, 1925. The plaintiff in error denied the charges contained in the information and denied that he had any connection whatever with the premises after February 1, 1925. The errors assigned are all based on the admission of testimony over objection and exception. A government witness testified that he saw the plaintiff in error at a desk inside the premises on May 2, 1925; that the place was pointed out to him by an informer. He was then asked the name of the informer, but an objection to the question was sustained and an exception allowed. In this ruling there was no error. Vogel v. Gruaz, 110 U. S. 311, 316, 4 S. Ct. 12, 28 L. Ed. 158; In re Quarles and Butler, 158 U. S. 532, 536, 15 S. Ct. 959, 39 L. Ed. 1080; Elrod v. Moss (C. C. A.) 278 F. 123, 127.

[2] The managing owner testified that he had leased the premises to the above-named parties as heretofore stated; that during the latter part of the tenancy he experienced much difficulty in collecting the rent; that he called at the premises frequently for that purpose, but generally found no one there; that on one occasion he found Plecash; and that Plecash referred him to the plaintiff in error. The admission of testimony tending to show that Plecash referred the witness to the plaintiff in error is assigned as error. But there was ample testimony in the record to warrant the court in finding that the two parties

charged had conspired together to lease the premises in question and maintain a common nuisance there, and, if so, any act or declaration made by either party in furtherance of the object of the conspiracy was competent evidence against the other. Within this rule there was no error in the ruling complained of.

[3-5] On cross-examination the court permitted counsel for the government to ask the plaintiff in error whether he had not been arrested on one or more previous occasions. An objection to this testimony was interposed and overruled. The witness answered, "Twice." The ruling admitting the testimony was, in our opinion, both erroneous and prejudicial. In Glover v. United States, 147 F. 426, 429, 77 C. C. A. 450, 453 (8 Ann. Cas. 1184), the court said:

"It is competent for the purpose of discrediting a witness to show that he has been convicted of a crime. The general rule is that the crime must rise to the dignity of a felony or petit larceny. * * * Whatever may be the limit in this respect, nothing short of a conviction of a crime is admissible for the purpose of impeachment. A mere accusation or indictment will not be admitted, for the reason that innocent men are often arrested charged with a criminal offense."

See, also, Coyne v. United States, 246 F. 120, 158 C. C. A. 346; Walker Grain Co. v. Blair Elevator Co., 254 F. 422, 166 C. C. A. 54; Filippelli v. United States (C. C. A.) 6 F.(2d) 121, 125; Crowley v. United States (C. C. A.) 8 F.(2d) 118. In fact, we know of no authority to the contrary. Counsel for the government invokes the rule that a defendant who takes the witness stand in his own behalf waives his constitutional rights, and places himself on the same footing as any other witness, and the further rule that the scope of cross-examination is within the discretion of the trial court. With these rules we have no quarrel, but the question whether a party had been arrested is not a proper question to be propounded to any witness on cross-examination for the purpose of discrediting him, and the mere discretion of the court is not broad enough to justify the admission of testimony which is otherwise manifestly incompetent and prejudicial. The court below sought to justify its ruling upon the ground that the plaintiff in error had gone somewhat extensively into his past history on direct examination, but there was nothing in the direct examination tending even remotely to show that the plaintiff in error had not been arrested for crime. No such question was asked, and no such answer was made.

The question propounded on the cross-examination was therefore wholly foreign to anything found in the direct examination.

[6] A character witness was likewise asked on cross-examination whether he had not heard that the plaintiff in error had been convicted of crime. This presents an entirely different question, because the answer went directly to the weight and credibility of the testimony of the character witness. Filippelli v. United States, supra.

For errors in the admission of testimony, the judgment is reversed, and the cause is remanded for a new trial.