## HILL COUNTY COTTON OIL CO. v. JONAS.*

Circuit Court of Appeals, Fifth Circuit.
December 3, 1928.

No. 5337.

*Rehearing denied January 12, 1929.

W. W. Naman, of Waco, Tex., and W. C. Wear, of Fort Worth, Tex. (W. C. Wear, of Fort Worth, Tex., and W. E. Spell and W. W. Naman, both of Waco, Tex., on the brief), for appellant.

John T. Gano, of Dallas, Tex., C. A. Teagle, of Houston, Tex., and W. H. Flippen, of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellee to recover damages for the breach of a contract, dated August 22, 1923, whereby the appellant sold to appellee "one thousand to twelve hundred bales" of described cotton linters at a stated price per pound "F. O. B. cars Hillsboro, Texas," the contract stating, "Rules: Interstate Cotton Seed Crushers' Association," and calling for shipments semimonthly, on or about the 1st and 15th, option being given to seller "to start shipment Oct. 1st, if unable to start September 1st." The appellee's petition as it was amended set out rules of the Interstate Cotton Seed Crushers' Association, including the following:

"Rule 210. Options to Party Not in Default on Breach of Contract. Whenever under these rules a seller elects to treat a contract as breached by the buyer, the seller must either cancel the contract, or take the product at the market price or sell the same for account of whom it may concern and can in either case hold the buyer for all damages resulting from his default."

"Whenever under these Rules a buyer elects to treat a contract as breached by the seller, he must either cancel the contract or buy the products for account of whom it may concern, and can in either case hold the seller for all damages resulting from his default. Whenever under these rules a buyer has on hand a rejected product, for which he has paid the purchase price and which seller has refused to replace or for which seller has refused to refund the purchase price, buyer must either take the product in at the market price or sell the same for account of whom it may concern.

"Rule 212. Purchases or Sales for Ac-

count of Whom it May Concern. In those cases where the buyer or seller elects to buy or sell a product covered by a contract for account of whom it may concern, he must when his right so to do has accrued, all rights of the opposite party having been forfeited, give immediate notice of his intention by telegram to opposite party. Such repurchase or resale must then be made through a recognized broker, a member of the Association in good standing, in not less than 24 hours and not more than 72 hours after such a notice and shall be for a period of shipping conforming as nearly as possible to the original contract. As soon as such broker has received his order to buy or sell he must immediately notify the interested party by telegraph. The broker will note on his confirmation contract the fact that the sale or purchase was made for account of whom it may concern, and will note thereon the name of the interested party in addition to the names of the buyer and seller in the transaction which he is confirming. He will send copy of such confirmation contract to each of the three parties named therein.

"Rule 213. Method of Fixing Damages Exclusive. The methods of fixing damages for breach of contract outlined in the foregoing Rules are exclusive, and failure to follow the procedure there required will defeat a claim for breach of contract."

The above-mentioned pleading contained the following:

"That thereafter, to-wit, on or about the 8th day of October, 1923, the defendant failed and refused to deliver any of the linters under the terms of said contract but specifically repudiated said contract in its entirety; and that thereafter and on or about the dates hereinafter set forth, and each of them, the said defendant failed and refused to deliver linters to plaintiff as per the terms of said contract, but repudiated each of the deliveries provided for under the terms of said contract; that thereupon, and in each instance, plaintiff elected to treat the contract as breached by the defendant, and he thereupon, as hereinafter set forth, bought the product provided for under said contract for account of whom it may concern; that thereupon the said plaintiff in each instance hereinafter set forth, gave immediate notice of his intention by telegram to the defendant and then purchased in each instance through a recognized broker, a member of the Association in good standing, in not less than 24 hours and not more than 72 hours after such notice in each instance, and for a period of shipping conforming as nearly as possible to the original contract, linters in the amount provided under said contract for the account of whom it may concern; that as soon as such broker in each instance received his order to buy, he immediately notified the said defendant by telegram, and thereupon purchased for said plaintiff for account of whom it may concern, and noted in each instance on his confirmation contract the fact that the purchase was made for the account of whom it may concern, and further noted thereon the name of the interested party in addition to the names of the buyer and the seller in the transaction which he was in each instance confirming and thereupon sent a copy of such confirmation contract to each of the three parties named therein."

The allegations of that pleading were put in issue. The appellee introduced evidence tending to prove the purchase by him through brokers of 1,250 bales of such linters as the contract called for. The evidence adduced did not tend to prove that in the purchases so made there was a compliance with the provisions of the above set out rule 212 as to appellee giving immediate notice of his intention by telegram to opposite party, as to such repurchase being made through a recognized broker, a member of the Interstate Cotton Seed Crushers' Association in good standing, in not less than 24 hours and not more than 72 hours after such notice, and as to such broker as soon as he received his order to buy immediately notifying the interested party by telegraph. Those provisions were not shown to have been complied with in purchases under a contract with one broker calling for 1,000 bales of linters to be shipped in October, November, and December, 1923. At the conclusion of the evidence offered by the plaintiff, each of the parties moved for an instructed verdict. The court overruled the appellant's motion, and, pursuant to appellee's motion, instructed the jury to return a verdict in favor of appellee against the appellant for the sum of $30,225.

It is inferred from the evidence that the amount for which the verdict was directed was arrived at by taking the difference between the contract price of 1,250 bales of linters weighing 500 pounds each, and the price at which such bales were bought through brokers, and adding interest at 6 per cent. per annum on the amount of such difference. The allegations of appellee's pleading show that, upon appellant's repudiation of the contract, appellee elected "to buy the product for account of whom it may concern," and his allegations are specific to the effect that he complied with the several requirements

prescribed by the above set out rule for cases where the buyer elects to buy products covered by the contract. That pleading contains no allegation to the effect that appellee canceled the contract, or that he was entitled to recover damages fixed otherwise than in the way prescribed by rule 212. The contract prescribes a definite method of fixing the damages where, upon the seller breaching the contract, the buyer elects to buy the product for account of whom it may concern, and, in such case, the contract makes that method exclusive. The agreement of the parties to that effect was binding upon them. Magnolia Provision Co. v. Coleman (Tex. Com. App.) 3 S.W.(2d) 412; Hickman v. Sawyer (C. C. A.) 216 F. 281. A claim that appellee canceled the contract and is entitled to recover damages fixed otherwise than in accordance with the requirements of rule 212 is inconsistent with his pleading. Under the contract the appellee, upon appellant's repudiation of its obligations, had the election to cancel the contract or to treat it as still in force and to buy the linters contracted for in the manner prescribed by the rules embodied in the contract. Appellee was required to make his choice between the two courses, but he could not take both. Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302. Appellee's pleading shows that he elected, not to cancel the contract, but to keep appellant's obligations under it in force, to buy the linters called for by the contract in the manner prescribed, and to have his damages fixed in the way the contract made exclusive. The evidence adduced not showing that damages to appellee in the sum of $30,225 were fixed in the way required by the contract sued on, the action of the court in instructing the jury to find for the appellee against the appellant for that sum was erroneous. Because of that error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.