# Mitchell *v.* The State.

## *Robbery.*

(Decided Jan. 17, 1907. 42 So. Rep. 1014.)

1. *Witnesses; Impeachment;*—Gaming by any means is not an infamous crime under the Alabama statutes allowing a witness' testimony to be impeached by proof of infamius crime.

[Mitchell v. The State.]

2. *Same; Impeachment of Accused as Witness; Reputation as to Veracity.*—The accused having testified in his own behalf, the state may show his general character for truth and veracity, and that the witnesses who knew him would not believe him under oath.

APPEAL from Tuscaloosa County Court.

Heard before HON. H. B. FOSTER.

From a conviction for robbery from the person Jim Mitchell appeals. The facts upon which the opinion are rested sufficiently appear therein.

DANIEL COLLIER, for appellant.—The court erred in sustaining the objection to the question propounded by the defendant to Will Lane touching his conviction for gaming.—§ 1796, Code 1896; *Wells v. The State,* 131 Ala. 50; *Deals v. The State,* 136 Ala. 57; *Thompson v. The State,* 100 Ala. 70; *Clifton v. The State,* 73 Ala. 478. The court erred in permitting proof of the character of defendant for veracity.—36 Am. Dec. (19 Me. 375); *Hooper v. Moore,* 48 N. C. 428; *Massey v. Farmers National Bank,* 104 Ill. 327; *Peebles v. Barnes,* 2 Ida. 148; 88 Ind. 9.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

McCLELLAN, J.—The defendant was indicted for and convicted of robbery from the person. Upon the trial, on cross-examination of a witness introduced by the state, the defendant sought to elicit from that witness evidence of his previous conviction of "playing or betting in a game of craps." On objection, the question to this end was disallowed by the court. The action of the court was proper, since gaming, by any means, is not such an infamous crime as, under our statutes, may be shown in evidence to discredit the testimony of a witness.—*Smith v. State,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; *Gordon v. State,* 140 Ala. 29, 36 South. 1009.

The defendant having testified in his own behalf, it was competent for the state to introduce evidence of

[Dupree v. The State.]

his general character and his character for truth and veracity; and, the character witness (Kyle) having qualified as such, no error was committed in allowing him, in response to proper questions, to state that he would not credit defendant, even under oath.—*Byers v. State,* 105 Ala. 31, 16 South. 716; *Crawford v. State,* 112 Ala. 1, 21 South. 214.

There is no error in the record, and the judgment must be affirmed.

Affirmed.,

DOWDELL, ANDERSON, and DENSON, JJ., concur.