# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1911-1912.

## Parris *v.* The State.

*Murder.*

(Decided December 21, 1911. Rehearing denied February 17, 1912. 57 South. 857.)

1. *Pleading; Abatement; Form.*—A plea in abatement going to the formation of the grand jury which alleges that the trial judge did not draw the grand jury before the last term of the present term of the circuit court adjourned, was unintelligible and properly stricken.

2. *Indictment and Information; Endorsement; Form.*—Where the record showed that one R. had been appointed foreman of the grand jury, the mere fact that his name was written under instead of above the words, "Foreman of the grand jury" in the endorsement of an indictment afforded no grounds for quashing the same.

3. *Jury; Special Venire; Persons Excused from Regular Panel.*—Although two persons summoned as regular jurors were excused from serving on the regular panel, they were properly placed on the special venire served on the defendant.

4. *Witnesses; Impeachment; Testimony of Accused.*—Where a defendant testified in his own behalf he was subject to impeachment by proof that his general moral character was bad.

5. *Same; Weakening Testimony.*—Where two witnesses both detailed circumstances in regard to a killing it was permissible for the purpose of weakening their testimony to show that they were drinking shortly after the difficulty.

6. *Charge of Court; Reasonable Doubt.*—A charge asserting that while the law requires the guilt of a defendant to be proven beyond a reasonable doubt, it does not require that each fact which may aid the jury in reaching the conclusion of guilt shall be clearly proved, but that, on the whole evidence, the jury must be able to pronounce guilt beyond a reasonable doubt; and that the state is only required to prove guilt beyond a reasonable doubt; and that a doubt sufficient to acquit must be actual and substantial and

not a mere possibility or speculation, was a proper presentation of the law of reasonable doubt.

7. *Same; Singling Out Evidence.*—Charges which single out or give particular emphasis to a portion of the evidence may be properly refused.

8. *Homicide; Evidence; Res Gestae.*—The fact that deceased was shooting craps at the house of a witness thirty minutes before the shooting in which he was killed was neither relevant nor of the res gestae.

9. *Same; Instructions; Self-Defense.*—A charge on self-defense which fails to include the fact that defendant was without fault in bringing on the difficulty, and also whether defendant's mind was impressed that he was in imminent danger, and whether he could retreat without increasing his danger, is properly refused.

10. *Charge of Court; Form.*—Charges which are elliptical, argumentative or unintelligible are properly refused.

11. *Homicide; Self-Defense.*—Charges on self-defense which ignore the duty to retreat and the imminence of danger, either real or apparent, are properly refused:

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Henry Parris was convicted of murder in the second degree, and he appeals. Affirmed.

The plea in abatement is based on the fact that the judge of the circuit court, whose duty it was to draw the grand jury which returned the indictment, did not draw it before the last term before the present term of the circuit court adjourned, but that the court, on about the 24th day of March, 1910, drew from the jury box of Fayette county the grand jury. The other grounds are that the judge did not draw the jury in Fayette county, Ala., but had the jury box of Fayette county, Ala., sent to Livingston, which is in Sumter county, Ala., and the judge in Sumter county drew the jury from the box and mailed or expressed them to the clerk of the circuit court of Fayette county. Motion was made to strike the names of Hardy Mitchell and Franklin Mills from the venire, because they were regularly drawn and summoned for the week in which defendant's case was set for trial, and before selecting the panel to try the cause the court excused them, and after excusing them they

were resummoned as jurors, and placed on the venire to try the cause. The motion to quash the venire sufficiently appears from the opinion.

The following charges were given at the instance of the state: (A) "While the law requires the guilt of the accused to be proven beyond a reasonable doubt, it does not require that each fact which may aid the jury in reaching the conclusion of guilt shall be clearly proved; but, on the whole evidence, the jury must be able to pronounce guilt beyond a reasonable doubt." (B) "The state is not required to prove the defendant's guilt beyond all doubt, but beyond a reasonable doubt." (C) "The court charges the jury that a doubt, to acquit the defendant, must be actual and substantial, not mere possibility or speculation. It is not a mere possibility, or possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt."

The following charges were refused to the defendant: (2) "If the jury believe from the evidence that the deceased stated to the defendant that 'there is an old grudge between us, and I am going to kill you,' and threw his hand to his hip pocket in such a manner as to indicate to the defendant that the deceased was attempting to draw a pistol or a weapon, and if the manner of the deceased was such as to create in the mind of defendant that he was in danger of losing his life or receiving bodily harm, then the defendant had a right to shoot in self-defense, and the law does not require him to retreat." (30) "If the jury believe from the evidence that deceased made threats against the defendant, which were not communicated to him until after the killing, and if the jury believe that the deceased said to the defendant that 'I am going to kill you,' and threw his hand to his hip pocket at the time the defendant fired the fatal shot, you can consider such threats as

directing the nature of such threats." (31) "I charge you, gentlemen of the jury, that the rule of law governing self-defense that the defendant may and must act upon reasonable appearance of same, for the law of self-preservation would be very incomplete if the defendant, then threatened or being beaten and assailed by the deceased and other parties, was required to wait to see whether they were going to inflict great bodily harm or take his life. He may act upon a reasonable appearance of same, and defend himself, even to the taking of the life of the assailant, if he was free and without fault in bringing on the difficulty, and there was no reasonable mode of escape." (33) "If the jury believe from the evidence that the defendant was justified under all the evidence in shooting deceased while deceased was facing him, and that he was using an automatic gun which shot in rapid succession, and that some of the bullets struck the deceased in the back, this would deprive the defendant of his right to a plea of self-defense." (36) "If you believe from the evidence that the defendant was free from fault in bringing on the difficulty, and the deceased said to him, 'I am going to kill you,' and placed his right hand at or near his hip pocket, and that the manner of the deceased was such as to create in the mind of the defendant that he was in danger of losing his life or receiving very great bodily harm, then the defendant had a right to shoot in self-defense, even to taking the life of deceased, and the fact that he fired more than one shot did not deprive him of his right of self-defense." (38) "I charge you, gentlemen of the jury, that the law is a reasonable master, and has equal regard for every human life under its jurisdiction. It recognizes love of life as a natural and legitimate sentiment; and, while it cannot be molded or controlled by notions of chivalry, it permits every one who is without fault, and who has adopted every

[Parris v. The State.]

reasonable expedient, to avert the necessity to take the life of his assailant, rather than to lose his own. The divine law does not require us to love our neighbor better than ourselves."

McNEIL & NESMITH, and NORMAN GUNN, for appellant. Counsel discuss assignments of error relative to the pleading and the evidence, but without citation of authority. They discuss the charges refused and insist that charge 30 should have been given, and in support thereof cite.—*Roberts v. The State*, 68 Ala. 156; *Green v. The State*, 69 Ala. 6; *Rutledge v. The State*, 88 Ala. 85; *Karr v. The State*, 100 Ala. 4; *Gunter v. The State*, 111 Ala. 23.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in striking the plea in abatement.—*Odom v. The State*, 55 South. 546. The motion to quash the venire was properly overruled.—Sec. 18, Acts 1909, p. 312. The defendant testified as a witness, and hence, it was proper to show his general character as affecting the credibility of his testimony.—*Ward v. The State*, 28 Ala. 53; *Mitchell v. The State*, 94 Ala. 68; *Buchanan v. The State*, 109 Ala. 710; *Fields v. The State*, 121 Ala. 16; *Mitchell v. The State*, 148 Ala. 618. Charges A, B and C given for the state are correct.—*Pitts v. The State*, 140 Ala. 70; *Jones v. The State*, 79 Ala. 23; *Owens v. The State*, 52 Ala. 400. Counsel discuss charges refused to defendant and point out defects in each, but cite no authority.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree.

There was no error in the action of the court in sustaining the motion to strike the first plea in abatement. Said plea is unintelligible in that it states that the

judge "did not draw the grand jury * *. * before the last term of the present term of the circuit court adjourned."

In addition, section 15 of the jury act 1909 (page 310) expressly provides for drawing juries at times subsequent to the adjournment of the previous term, and section 29 (page 317) declares expressly that the provisions in regard to drawing, etc., of jurors are merely directory and that "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

The plea does not raise the point that the jury was not drawn "in the presence of the officers designated by law."—Code, § 7572.

There was no error in overruling the motion to quash the indictment. The fact that the name of M. E. Reeves appeared in the indorsement *under* the words, "foreman of grand jury," in place of *over* said words, did not affect the validity of his indorsement. The record shows that said M. E. Reeves had been by the court appointed foreman of the grand jury.

The fact that two persons summoned as regular jurors were excused from serving on the regular panel did not render the placing of their names upon the special venire illegal.

There was no error in excluding the testimony as to the deceased's shooting craps in the house of witness 30 minutes before the shooting occurred, the testimony not being relevant and not part of the res gestae.

The defendant having been placed upon the stand, and having testified as a witness, was subject to impeachment by proof of bad character, just as any other witness would be (*Mitchell v. State,* 148 Ala. 618, 42 South. 1014), consequently there was no error in allowing the witness to testify that defendant's general character was bad.

[Parris v. The State.]

There was no error in overruling the motion to exclude the statement by the witness Tidwell that Bud Parris and John Parris were drinking shortly after the killing, as they had both detailed circumstances in regard to the killing, and the facts mentioned were proper to be considered by the jury in determining whether said witnesses were in a condition to remember accurately what transpired.

Charges A, B, and C, given on request of the state, were properly given.—*Pitts v. State,* 140 Ala. 70, 77, 83, 37 South. 101; *Jones v. State,* 79 Ala. 23, 25; *Mose v. State,* 36 Ala. 211, 231; *Owens v. State,* 52 Ala. 400, 405.

Charge 27, requested by the defendant, was properly refused as it ignores the questions as to whether the defendant was without fault in bringing on the difficulty, also as to whether the defendant's mind was impressed that he was in imminent danger, also as to whether he could retreat without increasing his danger.

Charge 30, requested by the defendant, was properly refused. It singled out a part of the evidence, and was otherwise faulty.

Charge 31 is elliptical and argumentative, and was properly refused.

Charge 33 is unintelligible and elliptical, besides being argumentative, and was properly refused.

Charge 36 ignored the duty to retreat and also the question as to whether the defendant was, in fact, impressed that he was in imminent danger, and was properly refused.

Charge 38 is argumentative, and was properly refused.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.