# ELLIS *v.* DISTRICT OF COLUMBIA.

---

CRIMINAL LAW; INDECENT EXPOSURE; EVIDENCE; WITNESSES.

1. In a prosecution for indecent exposure, where it is charged that the

---

NOTE.—On the question of other crimes in criminal case, particularly on right to question defendant concerning, in cross-examination, see note in 62 L.R.A. 345.

On evidence of specific instances to prove character of accused, see notes in 20 L.R.A. 614 and 14 L.R.A. (N.S.) 735.

On cross-examination of accused, see note in 15 L.R.A. 669.

offense was committed in an apartment house, it is error to permit the janitor of the house to testify as a witness for the prosecution that the accused there maintained improper relations with a woman named; and it is also error to compel the accused to testify, while under cross-examination by the prosecution, concerning a suit for divorce against him in which the woman in question was named as a corespondent.

2. Where the accused in a criminal prosecution introduces evidence of good character, it is competent for the prosecution to meet it, but not by showing particular acts or specific facts.

3. Where a person charged with a crime takes the stand and testifies in his own behalf, the prosecution may cross-examine him with the same latitude as may be exercised in the case of an ordinary witness, but his credibility as a witness cannot be tested by cross-examining him concerning an entirely independent and nonrelated proceeding.

No. 2937.   Submitted October 3, 1916.   Decided November 14, 1916.

IN error to the Police Court of the District of Columbia.
*Judgment reversed.*

The Court in the opinion stated the facts as follows:

This is a writ of error to the police court, wherein the defendant, Athol H. Ellis, plaintiff in error here, was convicted under an information charging him with indecent exposure.

The testimony of the prosecuting witness tended to show that the offense occurred one forenoon in an apartment house, where she was employed by a tenant.   According to her statement, the defendant frequented an adjoining apartment and on several occasions prior to committing the alleged offense had annoyed her.

Over the objection and exception of the defendant the janitor of the house was permitted to testify to the effect that prior to and at the time of the occurrence in question the defendant maintained in said adjoining apartment improper relations with a woman named, and that the witness had seen the defendant "in and about the apartment at various hours of the day and as late as 11 o'clock at night."

Vol. XLV.—25.

Testimony was introduced by the defendant tending to show that his reputation for morality and decency was good. The defendant testified that he was a member of the police force, and denied that he had committed the offense charged against him. Over his objection and exception, he was required to state whether his wife had filed a suit for absolute divorce against him, naming the woman referred to by the janitor as corespondent. He admitted that such a suit had been filed, charging him with having committed adultery on divers occasions with the woman named, but further testified that the bill had been dismissed and that at the time of the trial he was living with his wife.

*Mr. Albert D. Esher, Mr. M. F. Mangan,* and *Mr. Robert I. Miller,* for the plaintiff in error.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. R. L. Williams,* Assistant, for the defendant in error.

Mr. Justice ROBB delivered the opinion of the Court:

For many reasons the general rule is that a defendant may not be convicted except upon evidence tending to support the particular charge against him, and hence that evidence tending to show him guilty of unconnected offenses must be excluded. Much has been written upon the subject, but, after all, the test is whether the matter relied on has such a connection with the crime charged as to be admissible on any ground. If it has, then the fact that it may tend to show the commission of another offense does not affect the question of its admissibility. Thus in *Moore* v. *United States,* 150 U. S. 57, 37 L. ed. 996, 14 Sup. Ct. Rep. 26, a prosecution for the murder of Charles Palmer, the government was permitted to introduce evidence tending to show that Palmer was investigating the circumstances of the death of one Camp, whom the defendant was suspected of having murdered. The competency of this evidence was sustained upon the ground of motive, the court saying: "The

fact that the testimony also had a tendency to show that defendant had been guilty of Camp's murder would not be sufficient, to exclude it, if it were otherwise competent." A comprehensive discussion of the general rule and its exceptions will be found in the following cases: *Bullock* v. *State,* 65 N. J. L. 557, 86 Am. St. Rep. 668, 47 Atl. 62; *State* v. *Kelley,* 65 Vt. 531, 36 Am. St. Rep. 884, 27 Atl. 203, 9 Am. Crim. Rep. 354; *Com.* v. *Snell,* 189 Mass. 12, 3 L.R.A.(N.S.) 1019, 75 N. E. 75; *People* v. *Jennings,* 252 Ill. 534, 43 L.R.A.(N.S.) 1206, 96 N. E. 1077; *People* v. *Gibson,* 255 Ill. 302, 48 L.R.A. (N.S.) 236, 99 N. E. 599; and *Shaffner* v. *Com.* 72 Pa. 60, 13 Am. Rep. 649. See also: *Boyd* v. *United States,* 142 U. S. 450, 35 L. ed. 1077, 12 Sup. Ct. Rep. 292; 8 R. C. L. 194; 12 Cyc. 405.

To support the testimony of the prosecuting witness that the defendant frequented the adjoining apartment, from which it was possible to communicate with her, it was competent for the janitor to testify that he had seen the defendant in that apartment. But the statement of the janitor indicating that the defendant was maintaining improper relations in that apartment with another woman had no possible bearing upon the question at issue, was decidedly prejudicial to the defendant, and should have been excluded. While it is true that there is a certain discretion on the part of the trial judge, with which an appellate court will not interfere, it is equally true that where, as here, it clearly appears that testimony has been introduced which has no legitimate bearing upon the question at issue and is prejudicial in character, an appellate court will not hesitate to award a new trial. *Moore* v. *United States,* 150 U. S. 57, 60, 37 L. ed. 996, 997, 14 Sup. Ct. Rep. 26; *Boyd* v. *United States,* 142 U. S. 450, 35 L. ed. 1077, 12 Sup. Ct. Rep. 292.

It also was error to permit the inquiry concerning the charges made against the defendant in the divorce proceeding. Of course, if a defendant introduces evidence of good character, it is competent for the prosecution to meet it, but not by showing particular acts or specific facts. *Com.* v. *O'Brien,* 119

Mass. 342, 20 Am. Rep. 325; *Bullock* v. *State,* 65 N. J, L. 557, 86 Am. St. Rep. 668, 47 Atl. 62; *People* v. *Sharp,* 107 N. Y. 427, 1 Am. St. Rep. 851, 14 N. E. 319; *People* v. *Van Gaasbeck,* 189 N. Y. 408, 22 L.R.A.(N.S.) 650, 82 N. E. 718, 12 Ann. Cas. 745; 8 R. C. L. 205. The reason for this rule is that while it is assumed that every person is capable at any time of sustaining his general reputation, it would be unreasonable to expect anyone to be prepared, without special notice, to meet specific charges of bad conduct. Furthermore, to permit evidence of specific acts inevitably would lead to the raising of a number of collateral issues, thus obscuring the main issue.

It is sought to sustain the testimony last above treated on the ground that it tended to test the credibility of the defendant as a witness. The rule is that where an accused party waives his constitutional privilege of silence and takes the stand in his own behalf, the prosecution may cross-examine him "with the same latitude as would be exercised in the case of an ordinary witness" (*Fitzpatrick* v. *United States,* 178 U. S. 304, 44 L. ed. 1078, 20 Sup. Ct. Rep. 944), but we fail to perceive wherein a mere allegation in an entirely independent and non-related proceeding affected his testimony here. On the other hand, we can readily perceive that the bringing of such an allegation to the attention of the jury, in the circumstances of this case, was highly prejudicial. It was so obviously an attempt to supplement the statement of the janitor and bring to the attention of the jury prejudicial matter having no legitimate tendency to lessen the credibility of the witness that there was no room for the exercise of discretion on the part of the trial court.

The judgment must be reversed, and the cause remanded for a new trial. *Reversed and remanded.*