## CHEBITHES v. PRICE.

Court of Appeals of District of Columbia.
Argued January 9, 1930. Decided
February 4, 1930.

No. 4811.

Soterios Nicholson, Robt. H. McNeill and John W. Maher, all of Washington, D. C., for appellant.

Wilton J. Lambert and Alfred M. Schwartz, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, sued defendant in the Supreme Court of the District of Columbia for damages for injuries sustained from an assault, alleged to have been committed upon the plaintiff in the Drake Hotel in the city of Chicago. From a judgment for $2,500, the defendant appeals.

It is unnecessary to recite the circumstances disclosed by the evidence in this case. A witness for the defendant was asked on cross-examination if he had not been indicted for the crime of forgery in Philadelphia, to which objection was interposed, overruled, and exception taken, and the witness was compelled to answer that he was. Error is assigned on the admission of this evidence. Section 1067 of the District Code, among other things, provides: "No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him shall not be concluded by his answers as to such matters." The statute then provides, in case the witness denies his conviction, the manner in which it may be proved. In this case witness admitted that he had been indicted.

This court in Thompson v. United States, 30 App. D. C. 352, 360, had occasion to consider the application of the foregoing stat-

ute. In that case the witness had been found guilty of the crime of murder by a jury. The verdict had been set aside and a new trial awarded. A second verdict of guilty was rendered, which was likewise set aside by the court, and the case was then dismissed. Reversing the judgment upon the inadmissibility of the evidence under these circumstances, the court said: "Though in common parlance one may be said to be convicted when found guilty by the jury, the word in its technical, legal sense denotes the judgment of a court. If the court in the exercise of its undoubted power sets aside the verdict, there is no conviction. Francis v. Weaver, 76 Md. 457, 467, 25 A. 413; Blaufus v. People, 69 N. Y. 107, 109, 25 Am. Rep. 148."

The record furnishes no room for holding that the foregoing error is harmless. The sufficiency of the evidence to support the verdict has not been challenged by a motion for a directed verdict, and we are therefore foreclosed from inquiring into that question. It may be suggested, however, that proof of the assault is based substantially upon the testimony of the plaintiff alone; and her testimony is so badly impaired by her own contradictory declarations and letters, made subsequent to the alleged commission of the assault, that it leaves her case at best a frail structure on which to hang a verdict and judgment. It is unnecessary, therefore, to consider the other assignments, since the error already pointed out is sufficient to justify a reversal.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.