**SANFORD v. UNITED STATES.**
No. 7004.

United States Court of Appeals for the
District of Columbia.

Submitted April 4, 1938.
Decided May 31, 1938.

Jesse H. Wilson and J. Y. E. Allen, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Albert Goldstein, Asst. U. S. Atty., both of Washington, D. C.

Before GRONER, Chief Justice, and STEPHENS, MILLER, and EDGERTON, Associate Justices.

PER CURIAM.

Appellant was jointly indicted with one Edna Weaver for manslaughter committed in the District of Columbia. She was convicted and sentenced to imprisonment for a term of from one to three years. Edna Weaver was found not guilty by direction of the court.

The appeal challenges the judgment of conviction, first, for failure of the prosecution to establish the corpus delicti; second, for error in the admission of evidence of "prior charges in the Police Court" against appellant; third, for error in directing a verdict in favor of appellant's co-defendant, Edna Weaver, without specially instructing the jury that such action should not be considered by them as prejudicial to appellant; and, fourth, because the verdict was not supported by legally competent evidence and because of the government's failure to call three witnesses who had been subpoenaed by the United States and who were in court.

We notice in passing that appellant was convicted on May 17, 1937, and that her motion for a new trial was overruled on July 7th and sentence imposed and appeal taken on that day. Her bill of exceptions, however, appears to be signed "nunc pro tunc this 20th day of December, 1937". Such a bill of exceptions is not valid under Rule 9 of Criminal Appeals Rules (292 U.S. 659, 28 U.S.C.A. following section 723a). That rule requires that the bill be settled "within thirty (30) days [Sundays and legal holidays excluded] after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge". Unless, therefore, before the expiration of the thirty-day period the trial court shall extend the time for settling and filing, it becomes the duty of the trial judge to refuse to sign a bill presented after that time. The mere preparation of a proposed bill and lodging it with the clerk before the expiration of the thirty-day limit is not a compliance with the rule. Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Young v. United States, 10 Cir., 88 F.2d 305; Miller v. United States, 9 Cir., 88 F.2d 102. In this case the clerk of the trial court timely forwarded to the clerk of this court a duplicate notice of the appeal, and the docket of the trial court shows that on August 11th the trial judge extended the time for thirty days, and on September 10th extended the time until September 15th. On September 15th appellant lodged with the clerk her proposed bill of exceptions, and on December 20, 1937, the bill was settled and filed. This was not a compliance with the rule. The district attorney, however, does not ask us to strike the bill, and in the exercise of our responsibility under Rule 4, 28 U.S.C.A. following section 723a, as that rule is construed in Forte v. United States, 302 U.S. 220, 223, 58 S.Ct. 180, 182, 82 L.Ed. 209, we have chosen to extend the time for filing the bill to embrace the period on which it appears to have been settled, in order that we may determine if there was a miscarriage of justice. We express the hope, however, that the restatement of the rule as outlined above will be a sufficient admonition to the bar to secure in the future its strict observance.

Having examined the record, we are of opinion the judgment of conviction must be affirmed.

First.—The evidence was sufficient to prove the corpus delicti. The coroner who made the autopsy on the body testified that the cause of death was a stab wound in the right leg severing the femoral vein, and that the deceased had bled to death as the result of this wound. This, together with the other evidence in the case to which we shall refer, was sufficient to show that a crime had actually been committed. It was not necessary that the prosecution should at any particular state of its case identify the accused with the crime, nor is it essential that the corpus delicti should be established by evidence independent of that which tends to connect the accused with its perpetration. Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed. 722. While there were no eye witnesses to the killing, the circumstantial evidence was sufficient, if believed by the jury, to establish the crime and to supply the identification.

Second.—Defendant Anna Marie Sanford testified as a witness in her own behalf. The bill of exceptions shows that on cross-examination "She was asked by the

prosecutor if she held any ill feeling for Mrs. Greenlee [one of the government's principal witnesses]. She answered that she did not. Thereupon, the prosecuting attorney asked her if Mrs. Greenlee had not appeared against her in the Police Court on August 24th and August 26th, 1936, charging her with disorderly conduct." Counsel for defendant objected, but the court overruled the objection and the defendant was required to answer. In Murray v. United States, 53 App.D.C. 119, 288 F. 1008, we reviewed the question of impeachment by proof of prior convictions in the light of a District of Columbia statute[1] and held that the rule permitting evidence of former conviction of crime to be shown to affect credibility does not limit the proof to former convictions for felonies, since the word "crime" includes both felonies and misdemeanors. Recently in Bostic v. United States, 68 App.D.C. 167, 94 F.2d 636, we approved what was said in Murray v. United States, supra. While it is true that disorderly conduct under certain circumstances is made a misdemeanor under D.C.Code 1929, Title 6, Sec. 117, we are not now required to say, and hence do not rule, that conviction of that offense may be shown in impeachment of a witness. It is enough to point out that no federal decision goes to the extent of holding that evidence of a mere charge of disorderly conduct or of an arrest for disorderly conduct is admissible. It is improper, for impeachment purposes, to show accusation, arrest, or indictment, as well against the accused in a criminal trial as against a witness in any case, civil or criminal. Massenberg v. U. S., 4 Cir., 19 F.2d 62; Mitrovich v. U. S., 9 Cir., 15 F.2d 163; Dawson v. U. S., 9 Cir., 10 F.2d 106; Souza v. U.S., 9 Cir., 5 F.2d 9; Coyne v. U.S., 5 Cir., 246 F. 120; Glover v. U. S., 8 Cir., 147 F. 426, 8 Ann.Cas. 1184; Chebithes v. Price, 59 App.D.C. 212, 37 F.2d 1008; Walker Grain Co. v. Blair Elevator Co., 5 Cir., 254 F. 422; 1 Zoline's Fed. Crim. Law and Procedure, p. 306. As bearing upon the question generally, see 2 Wigmore on Evidence, 2d Ed., Sec. 982, p. 366, and note 16 Ann.Cas. 872. We have restated this fundamental rule of evidence only in the hope that the district attorney may bring it definitely to the attention of his assistants. Its breach, which we have had occasion to comment upon before, should not again occur.

We are asked, however, to hold that the refusal of the trial court to sustain the objection we have referred to was reversible error. This we cannot do. There appears in the bill of exceptions evidence which was admitted without objection, showing various types and degrees of disorderly conduct either committed by appellant or committed in her house; and there is also evidence, unobjected to, showing that on several occasions prior to the homicide in question the police had received complaints concerning disorderly conduct in and had made visits to appellant's house. Upon a record replete with charges of open fornication, obscenity, drunkenness, and threats of bodily harm—coupled with evidence which, as we have said, was not objected to, that the police had been called to visit the house twice within an hour or two of the tragedy—we are convinced that the mere mention of appellant's having been charged with disorderly conduct did not so affect the jury as to deprive appellant of a fair trial. Harris v. United States, 50 App.D.C. 139, 269 F. 481; Reed v. United States, 8 Cir., 51 F.2d 941; Whitaker v. United States, 9 Cir., 5 F.2d 546.

Third.—The record shows that a joint motion was made by defendants for a directed verdict at the close of all the evidence. The court discharged appellant's co-defendant but refused to discharge appellant. Appellant now insists that the court should have informed the jury that this was not to be taken as prejudicial to her. As to this, it is enough to say that the record does not show what the judge did or did not say at the time in question. The charge given by the judge is omitted from the record. The bill of exceptions does show, however, that the court was not asked to make any charge on the subject; that the judge's attention was not in any way directed to the matter; and that no exception was taken to the court's failure so to charge. While it would be entirely proper for the court to give a cautionary instruction in a situation such as this, when seasonably requested to do so, we know of no rule which requires the

---

[1] (D.C.Code 1929, Title 9, Sec. 12; D. C.Code 1924, Sec. 1067):

"No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witness or by evidence aliunde * * *."

328

judge of his own motion, in discharging one of two co-defendants, to make any statement or explanation to the jury with relation to the one not discharged.

■ Fourth.—The evidence was sufficient to take the case to the jury. The indictment charged accused with making an assault upon one William G. Jenkins with a sharp, hard instrument. There were no eye witnesses to the alleged assault, and the evidence was wholly circumstantial. The jury might very well have refused to regard it as sufficient, but they might also just as well—as they did—have accepted it as sufficient to show that accused in fact committed the assault. She was heard to say that morning—"I'll cut your God·damned head off and throw it in your face"—and deceased was heard to reply—"Marie, for God's sakes put that knife down". A few minutes before the assault deceased and appellant were heard in an angry argument in which deceased said—"Honest to God, I didn't do it, go away," —and again—"For God's sake, Marie, go away and leave me alone";—followed by a crash and the discovery twenty minutes later of the limp body in the kitchen of accused's house. We think the evidence in this case, though circumstantial, was sufficient, if believed by the jury, to support the verdict. And there is no merit to the point that the government was required to call all the witnesses it summoned. Williams v. United States, 57 App.D.C. 253, 20 F.2d 269.

Affirmed.