**CAMPION v. BROOKS TRANSP. CO., Inc.
STONEBURNER v. SAME.**

Nos. 8069, 8070.

United States Court of Appeals for the
District of Columbia.

Decided March 8, 1943.

———————⋄———————

Mr. Ashby Williams, of Washington, D.
C., for appellant in No. 8069.

Mr. Albert A. Stern, of Washington, D.
C., for appellant in No. 8070.

Mr. Henry I. Quinn, of Washington, D.
C., with whom Messrs. Richard W. Galiher
and Louis Ginberg, both of Washington,
D. C., were on the brief, for appellee in each
case.

Before GRONER, Chief Justice, and
VINSON and EDGERTON, Associate
Justices.

VINSON, Associate Justice.

The plaintiffs (appellants) instituted actions, consolidated for trial, to recover damages for injuries sustained when the truck of the defendant (appellee) collided with an automobile in which they were passengers. The automobile was standing still at an intersection in obedience to the red signal of a traffic light. It was uncontra-dicted that the driver of the defendant's truck, when some 550 feet away and descending the hill, saw the car standing as described. The driver admitted that he had lost control of the truck on the steep incline approaching the intersection due to the failure of the brakes to work, and that he was unable to stop. There was a sharp division in the testimony presented upon several of the material issues. The jury returned verdicts for the defendant.

The single issue of which we may take cognizance is the admissibility of the evidence, over the plaintiffs' objection, that they had on perhaps a half-dozen occasions visited the Maryland Athletic Club, apparently "Jimmy LaFontaine's Place"; that one of the plaintiffs had gambled there on those occasions and had gambled there on the night of the accident; and that the plaintiffs were perhaps aware that the car occupied by them, which was returning them to the District, was furnished by La-Fontaine.

We are of the opinion that this cross-examination and the admissions elicited thereby concerning this past conduct were irrelevant to any legitimate issue involved in the trial, and were inadmissible upon the issue of credibility, the basis of the trial judge in admitting them; and that such admission was prejudicial error. Counsel for the defendant urged the introduction of this evidence as relevant to the plaintiffs' habits of industry, and properly admissible on the question of damages. The record, however, demonstrates the prior exhaustive exploration of this subject by counsel's inquiries and the plaintiffs' admissions in regard to their employment record, including the statement that each had been without work for a period of two months just prior to the accident. At the time of the plaintiffs' objection to this line of questioning, the Court announced in the presence of the jury that the evidence would be admitted as affecting the plaintiffs' credibility.

The plaintiff Campion admitted that he had been at the Maryland Athletic Club on perhaps a half-dozen occasions for dinner, and on this occasion he had gone there to confer with a contractor with reference to a job; that he had not gambled, and had seen no gambling. The plaintiff Stoneburner admitted that he had been there occasionally and gambled occasionally, and had gambled on the night of the accident. Each of them designated the place as the Maryland Athletic Club, and perhaps some-

what evasively attempted to avoid the stigma persistently sought to be impressed upon the Club by the astute counsel for the defendant characterizing it "Jimmy LaFontaine's Place". With counsel of such standing parading the name "Jimmy LaFontaine's Place" through pages and pages of cross-examination, we assume and the jury may have assumed that the "Maryland Athletic Club" and "Jimmy LaFontaine's Place" were synonymous terms. The incessant use in the cross-examination of the name "Jimmy LaFontaine's Place" could have produced a disagreeable taste in the jury's mouth. It might have been used and repeated to produce this effect. The visits of Campion, and the gambling of Stoneburner, at "Jimmy LaFontaine's Place", and the alleged occupancy of "Jimmy LaFontaine's" car at the time of injury, could very well have affected the plaintiffs' standing as witnesses and lessened their credibility upon the contradicted material issues of fact presented.

It entails no extended enumeration of authorities to support our position. It has been held that even conviction of a gambling crime is not admissible on the witness's credibility;[1] however, in this jurisdiction, it would seem to be sufficient.[2] But in the cases at bar there was no conviction of any crime shown, or attempted to be shown. In Ellis v. District of Columbia,[3] we held that it was reversible error to admit evidence that the defendant had indulged in illicit sexual relations as bearing on the credibility of his testimony in an indecent exposure charge. In Sanford v. United States,[4] we denied that "evidence of a mere charge of disorderly conduct or of an arrest for disorderly conduct is admissible" to affect credibility. No authority has been cited, and we have found none, indicating that an occasional visit to a restaurant of unsavory reputation,[5] or an occasional act of gambling[6] (in or out of a gambling joint), or an accident during the alleged occupancy of a night club owner's car, is such conduct that may be shown to lessen the credibility of the participant.

We find no merit in the other errors alleged, several of which were not called to the attention of the trial court and consequently cannot be considered here. We hold that the admission of the contested evidence was prejudicial error compelling the reversal of the judgments and the remand of the cases for trial in conformity herewith.

Reversed.

---

[1] Mitchell v. State, 1907, 148 Ala. 618, 42 So. 1014.

[2] Sanford v. United States, 1938, 69 App.D.C. 44, 98 F.2d 325.

[3] 1916, 45 App.D.C. 384; McHenry v. United States, 51 App.D.C. 119, 276 F. 766.

[4] 1938, 69 App.D.C. 44, 46, 98 F.2d 325, 327.

[5] Miller v. Territory of Oklahoma, 8 Cir., 1906, 149 F. 330, 9 Ann.Cas. 389.

[6] There have been instances where professional or habitual gambling has been held to bear relevancy to the credibility of a witness. Leslie v. Commonwealth, 1897, 42 S.W. 1095, 19 Ky.L.Rep. 1261; State v. Quirk, 1907, 101 Minn. 334, 112 N.W. 409; State v. Ekanger, 1899, 8 N. D. 559, 80 N.W. 482. It is sufficient to say that the degree of participation involved here does not even approximate these extremes.