**H. R. OSLUND, Appellant,**

v.

**STATE FARM MUTUAL AUTOMO-BILE INSURANCE CO., a cor-poration, Appellee.**

No. 14931.

United States Court of Appeals Ninth Circuit.

March 22, 1957.

Gardner & Reeder, James K. Gardner, Hillsboro, Or., Maguire, Shields, Morrison & Bailey, Walter J. Cosgrave, Portland, Or., for appellant.

Vergeer & Samuels, Duane Vergeer and Charles S. Crookman, Portland, Or., for appellee.

Before STEPHENS, HEALY and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, H. R. Oslund, was involved in an automobile accident with A. L. Brock in Oregon on May 22, 1953. At the time of the accident A. L. Brock was operating an automobile owned by Robert H. Lafky, and insured by appellee, State Farm Mutual Automobile Insurance Co. Appellant sued Brock in the state court of Oregon and recovered judgment for the sum of $19,685 for personal injuries. An action was instituted in the United States District Court by Oslund under the omnibus clause of Lafky's insurance policy against appellee.[1] At the trial appellee Insurance Company claimed that Brock failed to forward suit papers in the original state action of Oslund v. Brock and also that the accident arose out of the operation of a garage within the meaning of an exclusion clause of the policy. Oslund claimed that appellee Insurance Company had denied coverage to Brock on the grounds that the accident arose out of the operation of a garage and that the failure of Brock to forward suit papers was excused. Oslund also denied that Brock was using the automobile in the course of his business as a garage mechanic at the time of the accident.[2]

Brock testified that he and Lafky, the owner of the insured auto, had an understanding that each had the privilege of using the other's car. That on the morning of the accident Lafky left his car at Brock's garage for a motor tune-up. Brock stated that he tuned the car up around 9:30, made a road test and placed the car on his lot around 10:00 a. m. That about 2:00 p. m. he changed clothes, got into Lafky's car and went down to see Ralph Thomison, a friend of his, to buy some eggs and on the way back the accident occurred. Thomison verified the fact that Brock visited his place and had picked up some eggs.

On cross-examination Brock was asked questions based upon prior depositions taken of Brock which might cast doubt whether the road test was made in the morning or was being made at the time of the accident. But Brock emphatically stated at the instant trial that it was his impression that he road tested the car in the morning when he backed out of the shop and that as far as he was concerned, he was through working for the day and was not carrying on his normal business pursuits when the accident occurred in the afternoon.

Lafky also testified that Brock informed him of the accident shortly after it had occurred. Lafky testified that he had had conversations with the insurance adjuster, and from such conversations he got the definite impression that the insurance company was not going to cover Brock. On cross-examination Lafky stated that when Brock told him of the accident, he (Brock) did not actually

1. Oslund had previously recovered $5,-000 from Loyalty Group Insurance Company on a policy apparently covering Brock's automobile. The appellant here seeks the $10,000 policy limits of appellee's policy issued to their insured, Robert H. Lafky.

2. The exclusion provisions read as follows:
"Exclusions
This policy does not apply:
* * *

(d) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, or the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law or while engaged in the operation, maintenance or repair of the automobile."

tell him that he was testing the car at the time of the accident, but that he (Lafky) " * * * somehow got the idea, possibly, on an assumption of my own that he was ready to return the car to me at the time either that he was on the way to return it to me or that that was what he was doing. I don't believe he actually told me that." Lafky was further questioned as to an automobile claim report he had made out at the insurance company's office the day of the accident. Lafky admitted that he had signed the report but that someone else in the office did all the writing. When the report was offered in evidence, Oslund's attorney objected to its introduction, and the following discussion took place:

"Mr. Gardner. If it please the Court, I would object to the introduction to this on the grounds that there is no basis laid for it. I can't see that it's relevant to the witness' testimony and I don't know whether they are claiming it for impeachment purposes or not.

"Mr. Vergeer. If the Court will examine the document, it relates to the conversation and has a bearing upon the conversation between Mr. Brock, the garage man, and Mr. Lafky, and he has testified concerning that conversation and *this is further evidence* on what the conversation was. (Emphasis supplied.)

"The Court. It will be received."

The report was thereafter placed in evidence, as defendant's Exhibit 7, and was read to the jury. In the report it was stated "I had taken my car to the garage for motor work—in testing car, garage owner wrecked it."

The jury returned a general verdict in favor of the insurance company [3] and a special finding to-wit:

"Was A. L. Brock at the time of the accident using Mr. Robert H. Lafky's automobile in course of his business as a garage mechanic: Yes."

Oslund, the appellant, here alleges many grounds for reversal and for a new trial, but they can be combined into four main claims:

(1) There was no substantial evidence to support the jury's verdict or in allowing appellee's defenses to go to the jury.

(2) The court erred in giving one of appellee's instructions and in denying a proposed instruction of appellant.

(3) The court erred in admitting into evidence Defendant's Exhibit 7, the accident report.

(4) Appellant was deprived of a fair trial because of appellee's counsel's improper and incorrect argument as to matters outside of the record and the admission of Defendant's Exhibit 7, the report to the insurance company by Lafky.

### Sufficiency of the Evidence

██ The ground that there was not substantial evidence to support the jury's verdict or to allow the defenses to go to the jury is not before this Court. Appellant did not, at the close of the evidence or case, interpose a motion for a directed verdict, nor request that the defenses be excluded from consideration by the jury. This Court can only consider the question of sufficiency of the evidence when that has been made a question of law, and this can be done only by interposing a motion for a directed verdict at the close of all the evidence. Zimmerman

3. We have no way of knowing whether the jury decided favorably to appellant as to the issue as to whether the forwarding of suit papers was excused. It is arguable that the jury did decide favorably to appellant on that issue since the trial judge instructed the jury that *if* they found favorably on that issue *then* they should consider whether the auto was being used in the operation and management of a garage business. The trial judge indicated that this was his view of the matter when he denied appellant's request for a new trial. But it is arguable that the jury thought they had to answer the special finding no matter what their view was as to the first issue since the trial judge told them later that "the finding of this question you are required to answer . . . ."

v. Emmons, 9 Cir., 1955, 225 F.2d 97, 99 and cases cited therein. Also: Een v. Consolidated Freightways, 8 Cir., 220 F. 2d 82 and cases cited therein.

### Instructions

We have examined the instructions given by the trial court as well as the instructions denied, and we find no reversible error in the actions of the district judge.

### Exhibit 7 and Counsel's Remarks

■■ We are of the opinion that Exhibit 7 (the accident report) was improperly admitted into evidence. Appellee in its brief *now* admits that Exhibit 7 should not be used for substantive evidence. But when the exhibit was introduced, no limitation was placed on its admission. In fact, appellee stated that "it is further evidence on what the conversation was" *as between Brock and Lafky.* Lafky stated that Brock did not tell him whether he was testing the car when it was being used and that he (Lafky) only "assumed" that that was what Brock was doing when the accident occurred. We have serious doubts whether the accident report would be admissible even for impeachment purposes. It is not admissible to impeach Brock. The prejudicial effect of this erroneous admission is further magnified when appellant's final ground for reversal to which we now turn our attention is considered.

In summing up the case before the jury, the following remarks were made:

"Mr. Vergeer. * * * Mr. Brock he was a garage operator and that was keenly aware of the fact that he had no longer any *garage liability coverage. The record shows* that his policy had *lapsed* and he knew about it and he also knew that a policy such as this would not be applicable to him. Undoubtedly Mr. Brink (Brock's attorney) had informed him thoroughly on the subject but that's outside of the record. Now, then, there was a discussion between Mr. Engel and Mr. Brink—(emphasis supplied).

"Mr. Gardner. Your Honor.

"The Court. Just a moment.

"Mr. Gardner. I don't think there is any evidence in the case about any policy being lapsed.

"Mr. Vergeer. I believe the matter was mentioned by a witness, Your Honor.

"The Court. May I have the statement of counsel read? [Statement re-read before jury.]

"The Court. There was some evidence in the case to the effect that Mr. Brock had insurance of his own and counsel can draw such inference from that evidence as they desire. The jury understands that counsel is merely drawing his inference and analysis of the evidence."

We have closely examined the record and find no evidence as to any *lapsed* policy or any evidence as to a garage liability policy. Brock apparently had a liability policy in the amount of $5,000 on his own personal car, and appellant sued on that policy and another insurance company unsuccessfully defended on a garage exclusion provision. It is important to keep in mind that appellee had the burden of convincing the jury that the garage exclusion was applicable. The only evidence which appellee presented as to this issue was the accident report and the testimony elicited from Brock on cross-examination as to the use of the auto at the time of the accident. We have heretofore said that the accident report was not substantive evidence and should not have been admitted. Therefore, the only evidence upon which the verdict of the jury could be predicated was the testimony of Brock. If the jury believed Brock when he said that he was not testing the car when the accident occurred, then judgment would have been for appellant [assuming that forwarding of suit papers was excused]. The jury held for appellee; therefore, they must have disbelieved Brock. It was vitally important that the jury reach the determination of Brock's veracity on proper

and just grounds. It is readily apparent that the gist of appellee's argument was that Brock was lying and was trying to create insurance coverage under Lafky's policy when none existed. It was more than an "inference" when counsel argued that Brock "had no longer any garage liability coverage" and "the record shows that his policy had lapsed." Counsel was clearly stating as *facts* things not in evidence. There were no facts in evidence from which any such "inference" could be logically made. Remarks of the trial judge that counsel was only making an "inference" did not cure the prejudicial statements but made them worse. In fact, the trial judge was telling the jury that such an inference could be made, when logically no such inference could possibly be arrived at based on the evidence in the record.

Appellee in its brief attempts to avoid the issue by arguing that there was evidence of another policy covering Brock. There was some evidence of another policy, but this was not a garage liability policy and not a "lapsed" policy as stated by appellee's counsel.

We further find without merit the specious argument of appellee that because the jury found that the automobile was being operated in the scope of the garage business no prejudice can be shown. In order to determine whether the auto was being operated in the scope of the garage business, the jury had to determine whether Brock was telling the truth. Any errors that affected that highly important determination are clearly prejudicial. We likewise add that any prejudice resulting from the argument of counsel also might have affected the jury's determination of the other issue as to whether Brock's failure to forward suit papers was excused.

We find without merit the contention of appellee that appellant cannot now complain of appellee's counsel's argument since appellant did not object at the trial. While appellant could have made a

more specific objection, we are of the opinion that Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. was sufficiently met. But in any event we are of the opinion that under the circumstances of this case, appellant did not have a fair trial, and in the interest of justice a new trial is required. The Supreme Court of the United States in New York Central Railroad Company v. Edward H. Johnson, 279 U.S. 310, 318, 49 S.Ct. 300, 303, 73 L.Ed. 706 stated:

"But a trial in court is never, as respondents in their brief argue this one was, 'purely a private controversy * * * of no importance to the public'. The state, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice. See Union Pac. R. Co. v. Field, 8 Cir., 137 F. 14, 15; Brown v. Swineford, 44 Wis. 282, 293, 28 Am.Rep. 582. Where such paramount considerations are involved, the failure of counsel to particularize an exception will not preclude this Court from correcting the error. Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345."

See also: Robinson v. Pennsylvania R. Co., 3 Cir., 1954, 214 F.2d 798, 802; Missouri-K.-T. R. Co. of Texas v. Ridgway, 8 Cir., 191 F.2d 363, 370, 29 A.L.R.2d 984; Crowe v. Di Manno, 1 Cir., 1955, 225 F.2d 652, 655; Hockaday v. Red Line, Inc., 1949, 85 U.S.App.D.C. 1, 174 F.2d 154, 156, 9 A.L.R.2d 601.

The judgment of the District Court is vacated and set aside, and the case is remanded to that court for a new trial in accordance with this opinion.