**Fred C. COLTER, Plaintiff,**

v.

**Charles EINBINDER, Deputy Commissioner, D. C. Compensation District, Bureau of Employees' Compensation, et al., Defendants.**

**Civ. A. No. 3137.**

United States District Court
District of Columbia.

June 3, 1960.

Benjamin F. Rossner, Washington, D. C., for plaintiff.

John P. Arness, Oliver Gasch, U. S. Atty., John F. Doyle, Asst. U. S. Atty., Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiff has brought suit for judicial review of the compensation order of defendant Einbinder, Deputy Commissioner of the Bureau of Employees' Compensation, rejecting plaintiff's claim for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable in the District of Columbia by D.C.Code §§ 36–501, 36–502 (1951 Ed.).

All parties have moved for summary judgment.

The plaintiff complains he was prejudiced at the hearings before the Bureau of Employees' Compensation by the admission into evidence of his police record. Defendants contend it is proper, at a compensation hearing, to show a claimant's prior criminal convictions so as to impeach his credibility; further, that 33 U.S.C.A. § 923[1] has relaxed the strict evidentiary rules obtaining in the courtroom.

While § 923 permits the deputy commissioner to conduct a hearing unbridled by "common law or statutory

---

1. § 923(a) reads:

"In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. * * *"

rules of evidence", it does not permit the abandonment of minimal demands of fair play; "even under this liberal provision a hearing officer must act consistently with fundamental principles inherent in due process of law." Mixon v. Willard, D.C.S.D.N.Y.1954, 120 F.Supp. 232, 233.

■ In the courtroom, D.C.Code § 14–305 applies:

"No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him shall not be concluded by his answers as to such matters. In order to prove such conviction of crime it shall not be necessary to produce the whole record of the proceedings containing such conviction, but the certificate, under seal, of the clerk of the court wherein such proceedings were had, stating the fact of the conviction and for what cause, shall be sufficient."

At the basis of this statute is an assumption—assurance might be more accurate since the criminal conviction is introduced even though it is highly prejudicial and completely immaterial to the issue involved—that the testimony of a person who has demonstrated his dishonesty in the past is unworthy of trust. The basis

for this rule does not exist when the crime for which the witness has been convicted is not of such a dishonesty-evincing nature.[2] It is even more apparent that past accusations, arrests or indictments should not be admissible.[3]

■ The Court is of the opinion that it would be totally unfair and unjustified—and not in keeping with the minimal demands of fair play—to permit a more liberal attack on credibility at a compensation hearing than that permitted in the courtroom by D.C.Code, § 14–305. Cf. Texas Employers' Insurance Association v. Yother, Tex.Civ.App.1957, 306 S.W.2d 730. Over the strenuous objection of counsel for plaintiff, the deputy commissioner here admitted plaintiff's *entire police record*; he thus learned not only of:

(1) plaintiff's prior criminal convictions, but also of

(2) prior "convictions" of "crime" not within the meaning of D.C.Code, § 14–305—e. g., drunkenness and the keeping of an unleashed dog—and,

(3) arrests which did not result in convictions.

The deputy commissioner should have learned of the first category only. Accordingly, this case shall be remanded for a hearing at which only those convictions for assault[4] and violation of the bad check statute[5] shall be admissible—and then only if proved in the manner set forth in § 14–305. And see Simms v. United States, 1957, 101 U.S.App.D.C.

---

2. "But the basis of the admissibility of convictions always was and always should be grounded upon the theory that the depraved character of persons who commit crimes involving moral corruption makes them unworthy of trust in testifying. This theory, however, has little or no basis in the violation of municipal ordinances, or for that matter misdemeanors, involving no element of inherent wickedness." Clawans v. District of Columbia, 1932, 61 App.D.C. 298, 299, 62 F.2d 383, 384. Bostic v. United States, 1937, 68 App.D.C. 167, 94 F.2d 636 appears to limit this language, but see also Sanford v. United States, 1938, 69 App.D.C. 44, 98 F.2d 325, Kitchen v. United States,

1954, 95 U.S.App.D.C. 277, 221 F.2d 832 and Frost v. Hays, D.C.Mun.App.1958, 146 A.2d 907. And see discussion in McCormick, "Evidence" 87–94 (1954) and the learned author's preference for such a proposal as Uniform Rules of Evidence, R. 21: "Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. * * *"

3. Sanford v. United States, id.

4. Bostic v. United States, supra, note 2.

5. Apparently the April 2, 1957, charge against plaintiff was for violation of D.C. Code § 22–1410 (1951 Ed.).

**526**

304, 248 F.2d 626 certiorari denied, sub nom., Duncan v. United States, 1957, 355 U.S. 875, 78 S.Ct. 127, 2 L.Ed.2d 79; Cormier v. United States, D.C.Mun.App. 1957, 137 A.2d 212.

The motions of the defendants are denied without prejudice; the motion of the plaintiff is granted to the extent that the compensation order of the deputy commissioner, dated October 29, 1959, shall be set aside and a rehearing shall be held.

An order accompanies this memorandum.