Dan S. STANWORTH,
Plaintiff-Appellant,

v.

AMERICAN STERN TRAWLERS, INC., a corporation, and F/V SEAFREEZE PACIFIC, Defendant-Appellee.

No. 74–2935.

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1975.

James A. Grutz (argued), Seattle, Wash., for plaintiff-appellant.

John P. Sullivan (argued), Seattle, Wash., for defendant-appellee.

## OPINION

Before KOELSCH and WALLACE, Circuit Judges, and PLUMMER,* District Judge.

WALLACE, Circuit Judge:

Stanworth brought this personal injury action under the Jones Act (46 U.S.C. § 688) and general maritime law for negligence and unseaworthiness. He sought damages, unearned wages, and maintenance and cure. The district court granted defendant's motion for summary judgment on the basis that Stanworth's injuries were the result of a breach of his independent contractual duty to the owner to maintain safe working conditions on the ship. *Walker v. Lykes Bros. S.S. Co.,* 193 F.2d 772 (2d Cir. 1952). Stanworth appeals and we reverse.

The Seafreeze Pacific, a 300-foot fishing trawler, was tied up alongside a Seattle pier. Stanworth, in addition to his duties as chief mate, was acting master during the temporary absence of the captain. His duties as chief mate included being responsible for safe working conditions on the ship; thus he made periodic inspections. During a morning inspection, he discovered that a diesel oil day tank on an upper deck had overflowed, covering much of the ship's topside decks with oil. Stanworth informed the engineer of the spill and ordered it

---

* Honorable Raymond E. Plummer, Senior United States District Judge, District of Alaska, sitting by designation.

cleaned up. During the rest of the morning, Stanworth periodically noticed the clean-up efforts. Around noon, Stanworth asked about progress on the spill and was informed that the decks were clear of oil. Early in the afternoon, he made an inspection of the spill area and, after stepping down from a liferaft which blocked passage on the deck, slipped and fell on a patch of diesel oil. As a result of the fall, Stanworth allegedly sustained severe injury to his lower back.

The district court granted defendant's motion for summary judgment solely on the basis of *Reinhart v. United States,* 457 F.2d 151, 154 (9th Cir. 1972), *quoting Dixon v. United States,* 219 F.2d 10, 16 (2d Cir. 1955), which held that "an employee may not recover against his employer for injuries occasioned by his own neglect of some independent duty arising out of the employer-employee relationship." Stanworth argues that he did not breach his duty to his employer and should not be totally barred from recovery. We agree.

In *Reinhart,* the claimant was injured while inspecting the hold of a ship for rats. The accident was due to some broken and damaged sheathing about which Reinhart was aware. Although as chief mate he had a duty to the owner to have the sheathing in safe condition, he had failed to take any action. In the present case, Stanworth had not only directed the unsafe condition be eliminated, he was in the process of inspecting the clean-up activities when he was injured. Rather than in breach of his safety maintenance duty (as was Reinhart), he was in the process of carrying out that responsibility when the accident occurred. *See Dixon v. United States,* 219 F.2d 10, 11- 12, 16–17 (2d Cir. 1955) (Harlan, J.).

Whether Stanworth was contributorily negligent in carrying out his duty has yet to be resolved but he is not totally barred from his claim due to *Reinhart.* Thus, it was error to grant the motion for summary judgment.

Reversed and remanded.