**Theodore VALM, Plaintiff, Appellant,**

v.

**HERCULES FISH PRODUCTS, INC., Defendant, Appellee.**

**No. 82–1440.**

United States Court of Appeals, First Circuit.

Argued Dec. 8, 1982.

Decided March 11, 1983.

Paul D. McCarthy, Boston, Mass., with whom Jerome V. Flanagan and Hoch, Flanagan & Snyder, P.C., Boston, Mass., were on brief, for plaintiff, appellant.

Richard A. Dempsey, Boston, Mass., with whom Glynn & Dempsey, Boston, Mass., was on brief, for defendant-appellee.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and SMITH,* Senior District Judge.

BREYER, Circuit Judge.

Plaintiff Theodore Valm, captain of defendant's ship F/V RIANDA, sued under the Jones Act, 46 U.S.C. § 688, to recover damages for personal injuries suffered on board the ship. The jury, by special verdict, found that the defendant was not negligent and that the defendant's ship was seaworthy. The plaintiff asked for a new trial on the ground that the evidence required a finding of "unseaworthiness." He

* Of the District of Montana, sitting by designa- tion.

appeals from the district court's denial of this new trial motion.

The plaintiff does not deny that he himself may have been negligent. Indeed, the jury could reasonably have found that the ship was preparing to return to sea after a ten-day stay in port; that the crew hoisted a scallop dredge a few feet above the deck for inspection; that the plaintiff began to inspect that dredge without first checking to see whether the crew had cleared the winch brakes of rust (apparently a fairly common precaution); that the plaintiff stood dangerously near the dredge while inspecting it; and that the winch slipped because of the rust, knocking plaintiff against a hatch and injuring his back.

Plaintiff's claim is that the evidence *required* the jury to find the winch rusty and the ship, as a result, unseaworthy. Even if he were in large part to blame for the failure to remove the rust, the plaintiff argues, that fact is beside the point. He concedes that were the problem with the winch *entirely* his own fault, a court might properly characterize the situation as the "negligent use of an otherwise seaworthy vessel" and bar relief. *Peymann v. Perini Corp.,* 507 F.2d 1318, 1321–22 (1st Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975) (plaintiff barred from recovery by his failure to wipe oil off railing before perching on it "like a bird"). But here, the plaintiff claims, the duty to clear the rust from the winch was that of others—and his negligence lay only in his failure to "supervise" them properly. This court has held that where others are also partly responsible for a ship's condition, a plaintiff's "supervisory" negligence does not change the unseaworthy character of the vessel. *See Boat Dagney, Inc. v. Todd,* 224 F.2d 208, 210 (1st Cir.1955) (master of ship not barred from recovery for injury suffered when ship's generator failed despite fact that generator failure was partly due to master's supervisory negligence). Plaintiff concludes that the jury should have been required to find "unseaworthiness" and to have gone on to consider damages, for it is well-settled that a plaintiff injured by "unseaworthiness" is not barred from recovery by his own negligence, even if that negligence might mitigate damages. *See Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494, 498, 91 S.Ct. 514, 516, 27 L.Ed.2d 562 (1971); *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 549, 80 S.Ct. 926, 932, 4 L.Ed.2d 941 (1960); *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 94 n. 11, 66 S.Ct. 872, 877 n. 11, 90 L.Ed. 1099 (1946); *Hubbard v. Faros Fisheries, Inc.,* 626 F.2d 196, 199–200 (1st Cir.1980).

 The problem with this interesting argument is that, if valid, Valm should have asked the trial court to direct a verdict in his favor on the "seaworthiness" issue. But, he did not do so. Without such a motion, an appellate court will not ordinarily review the sufficiency of the evidence, *see Sears v. Pauly,* 261 F.2d 304, 307 (1st Cir.1958), for the trial court will not have made a decision on the legal point contested (whether the evidence *is* sufficient to support a finding of unseaworthiness). Thus, the plaintiff in this case can point to no erroneous district court decision directly on point. As the Eighth Circuit wrote in denying a new trial motion claiming insufficient evidence:

> This is an appellate court with jurisdiction to consider on appeal alleged errors of law committed by the trial court. It can only consider the question of the sufficiency of the evidence when that has been made a question of law and this can only be done by interposing a motion for a directed verdict at the close of all of the evidence.

*Een v. Consolidated Freightways,* 220 F.2d 82, 85 (8th Cir.1955). The plaintiff's counsel concedes that his failure to ask for a directed verdict on the "seaworthiness" question was deliberate; he intentionally allowed an instruction that permitted the jury to decide the "seaworthiness" question. Having made such a decision, he is bound by it. He cannot, in effect, have it both ways, by obtaining review of the sufficiency of the evidence through a motion for a new trial. *See, e.g., Berman v. Palatine Insurance Co.,* 379 F.2d 371, 372–73 (7th Cir.

1967); *Southern Railway Co. v. Miller*, 285 F.2d 202, 206 (6th Cir.1960); *Oslund v. State Farm Mutual Automobile Insurance Co.*, 242 F.2d 813, 815 (9th Cir.1957); *Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland*, 202 F.2d 794, 799 (7th Cir.1953); *Atlantic Coast Line R. Co. v. Smith*, 135 F.2d 40, 41 (5th Cir.1943); *Woodbridge v. Du Pont*, 133 F.2d 904, 904 (2d Cir.1943) (*per curiam*).

Of course, plaintiff was free to move for a new trial, and is free to appeal its denial. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2539 (1971). But, he then faces review under a restrictive standard, for "[t]he authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980) (*per curiam*). *Compare Portman v. American Home Products Corp.*, 201 F.2d 847, 848 (2d Cir.1953) (L. Hand, J.) (no review of denial of motion for new trial based on weight of evidence) *with Borras v. Sea-Land Service, Inc.*, 586 F.2d 881, 887 (1st Cir.1978) (limited review of denial of new trial motion based on weight of evidence).

In *Hubbard v. Faros Fisheries, Inc.*, 626 F.2d at 200, we said:

> Although a district court judge may order a new trial even though there may be substantial evidence to support the verdict, . . . where the trial judge has denied such a new trial motion it is "only in a very unusual case that we will reverse such a ruling as an abuse of discretion", *Sears v. Pauly*, 261 F.2d 304, 309 (1st Cir.1958). In order to award a new trial in this case, we must find that the jury's verdict was so clearly against the weight of the evidence as to constitute a manifest miscarriage of justice.

We do not here exalt procedure at the expense of substance. In the absence of judicial errors, the public is entitled to have a case tried but once, and a defendant should not be required to defend himself twice. Both parties are entitled to have the jury first drawn decide the issues.

In this case the plaintiff deliberately chose not to make a motion for a directed verdict. We do not know whether that was done as a planned strategy. In any event, it deprived the defendant of its right to have the damage issue tried by the jury then sitting. The defendant may believe that that jury, even had it been instructed to find "unseaworthiness," would have been less generous with damages than would a different jury after a new trial.

Perhaps of greater importance is the unfairness to the public of countenancing two trials where one should suffice. We acknowledge that if there was no evidence of the captain's personal (as opposed to supervisory) negligence, he is deprived of an opportunity to receive damages, but in this case it is highly likely that his recovery would be severely limited by his supervisory (comparative) negligence in failing to see that the winch was checked for rust, to station a crew member at the winch handles, etc. We could not say, therefore, on the basis of the totality of the evidence that there has been a "manifest miscarriage of justice." *Hubbard v. Faros Fisheries, Inc.*, 626 F.2d at 200.

■ At least under these circumstances, where there has been concededly a deliberate decision not to ask for a motion for directed verdict and where there has been no manifest miscarriage of justice, we see no abuse of discretion in refusing to order a new trial.

*Affirmed.*