**John McSPIRIT, Plaintiff,**

v.

**GREAT LAKES INTERNATIONAL, Barker Boys–Creek Towing Ltd., and Great Lakes Transport & Towing, Defendants.**

**No. 93 Civ. 4244 (LAK).**

United States District Court, S.D. New York.

May 2, 1995.

John James, Friedman, Biondi & James, New York City, for plaintiff.

Michael D. Martocci, New York City, for defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendant Great Lakes International ("GLI") moves pursuant to Fed.R.Civ.P. 50 and 59 for judgment as a matter of law or, alternatively, for a new trial.

Plaintiff John McSpirit, the former captain of the tugboat FRANK C. BARKER (the "FRANK B"), fell and injured himself on a ladder aboard the FRANK B while cruising on the Hudson River in 1992. Mr. McSpirit sued GLI, owner of the FRANK B and Mr. McSpirit's former employer. Mr. McSpirit argued that GLI negligently failed to paint the ladder with non-skid paint. At trial, GLI was found liable for violation of the Jones Act and under the doctrine of unseaworthiness. The jury found also that Mr. McSpirit was not negligent based on the standard of care expected of ordinary seamen.

GLI claims that the Court incorrectly failed to direct a verdict or, alternatively, to

instruct the jury based on the doctrine of primary duty. The doctrine of primary duty stems from *Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772 (2d Cir.1952). In *Walker*, Judge Learned Hand wrote that contributory negligence concepts do not apply to a Jones Act claim by a negligent ship's captain against his employer. A captain's negligence, in the circumstances of *Walker*, instead is an absolute bar to recovery. According to Judge Hand, the reason for this harsh rule is that a captain consciously assumes responsibility for the operation and safety of the ship as a term of the captain's employment.

█ Application of the *Walker* doctrine would have had two effects on this case. First, *Walker* in substance holds captains to a standard stricter than the slight care expected of ordinary seamen, which was the standard applied at trial in this case. Second, any negligence on the part of the captain, as measured by this stricter standard, would have precluded recovery under the Jones Act. In this case, however, comparative fault principles were applied at trial. GLI thus claims that the failure either to direct a verdict or to charge the jury based on these aspects of *Walker* was error. We reject this argument for two reasons.

First, *Walker*'s continued viability is doubtful. *See Saleeby v. Kingsway Tankers, Inc.*, 531 F.Supp. 879, 881 (S.D.N.Y.1981). In *Dunbar v. Henry Du Bois' Sons Co.*, 275 F.2d 304 (2d Cir.1960), *cert. denied*, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46 (1960), the Second Circuit held that "the *Walker* doctrine is incompatible with the congressional mandate that contributory negligence and assumption of risk shall not bar a recovery in a Jones Act case." *Id.* at 306. Judge Clark believed that the panel in *Dunbar* should "frankly state its disagreement with a decision of another panel and refuse to be bound thereby." Judge Waterman felt that this aspect of the *Walker* opinion was dictum and not binding. Either position, of course, seriously undermines the *Walker* rule. Moreover, other Circuits have continued to chip away at the core of *Walker*. *See Kelley v. Sun Transportation Co.*, 900 F.2d 1027, 1030–31 (7th Cir.1990); *Snow v. Boat Dianne*

*Lynn, Inc.*, 664 F.Supp. 30, 33 n. 2 (D.Me. 1987). Indeed, the Seventh Circuit in *Kelley* essentially reduced *Walker* to a comparative negligence case by reading *Walker* as doing no more than expressing the unremarkable notion that a finding of "no negligence of the employer" prevents a plaintiff from recovering. 900 F.2d at 1031.

Second, even if *Walker* were still viable, it would be inapplicable to the facts of this case. In *Walker*, the captain discovered the defects that caused the accident after the ship broke ground, and there is no mention in the decision of any prior knowledge of the condition on the part of the defendant. Thus, at least for the duration of the voyage, the captain in *Walker* was the highest ranking employee aware of the dangerous condition of the ship, a circumstance in which the justification for a strict rule is greatest. Indeed, the jury instructions that were rejected by the trial court, erroneously in the Second Circuit's view, specifically focused on the duty of the captain during a voyage. *Walker*, 193 F.2d at 773. In this case, however, the condition found by the jury to have been the result of negligence existed for a substantial period before the voyage on which Mr. McSpirit was injured. (McSpirit Tr. at 93:14–16) It was undisputed that other high ranking employees of GLI knew about the nonskid paint issue. (*Id.* at 144:21) In consequence the stricter standard of *Walker* was not appropriate here. *See, e.g., Snow*, 664 F.Supp. at 33 (limiting *Walker*, in an action for unseaworthiness, to conditions that arise during a voyage, as distinct from those that predate voyage).

█ I would deny defendant's motion even if I accepted its position with respect to the *Walker* doctrine because *Walker*, in these circumstances, would not have applied to the alternative basis of liability, the doctrine of unseaworthiness. The doctrine of unseaworthiness enforces a shipowner's non-delegable duty to maintain a seaworthy ship. *Dixon v. United States*, 219 F.2d 10, 16 (2d Cir.1955). In this case, the ladder was unseaworthy prior to the voyage on which Mr. McSpirit was injured. Defendant therefore had the opportunity to maintain the ladder prior to the accident, whereas it would not have had

such an opportunity if the ladder had become unseaworthy during the voyage. Since GLI had this opportunity, it could not avoid its non-delegable responsibility under the doctrine of unseaworthiness by claiming that maintenance was the captain's responsibility under *Walker*. *Snow*, 664 F.Supp. at 33; *contra, Reinhart v. United States*, 457 F.2d 151, 153 n. 1 (9th Cir.1972). In consequence, even if the failure to instruct the jury regarding *Walker* was error, it was not prejudicial because the jury found that GLI was liable on the theory of unseaworthiness, and defendant would not have been entitled to the *Walker* defense with respect to that claim.

Defendant's motion is denied.

SO ORDERED.