CALOGERO, Chief Justice,
dissenting.
I dissent from the majority opinion because I believe that the vessel in question was indeed unseaworthy. Plaintiff is entitled to recover a mitigated amount of damages due to his own negligence in helping to create the unseaworthy condition.
*830 The majority properly points out that the nature of the duty owed by a vessel owner to furnish a seaworthy vessel is-absolute and nondelegable. Moreover, a determination of a shipowner’s liability for the unseaworthiness of its vessel is completely divorced from the concepts of negligence and independent of its duty under the Jones Act to exercise reasonable care. Mitchell v. Trawler Racer, 362 U.S. 539, 549-50, 80 S.Ct. 926, 932-33, 4 L.Ed.2d 941 (1960). Thus, the shipowner’s liability is not contingent upon its actual or constructive knowledge of the unseaworthy condition. Id. at 549, 80 S.Ct. at 932. As the majority correctly notes, the nondelegable nature of this duty means that unseaworthy conditions, even though created by third parties, without knowledge of the vessel owner, will still render the owner liable.
In light of these legal principles, I believe that the narrow question is whether the mere existence of the condition in place — the unsafe board used as a walkway — created an unseaworthy condition. The majority finds the vessel seaworthy because the pine board was fit for the use that Blessy intended to ascribe to it. However, at the time of the accident, it was being used, albeit against Blessy’s oral policy, for another purpose. It is established beyond question that misuse of even nondefective, otherwise seaworthy equipment may nevertheless create an un-seaworthy condition. 2 M. Norris, The Law of Seaman § 27:10 (4th ed.1985); IB Benedict, Admiralty § 24 at 3-74 to 3-75 (7th ed. Revised); Allen v. Seacoast Products, Inc., 623 F.2d 355, 360-61 (5th Cir.1980), rev’d on other grounds by, Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir.1997) [1]; Symonette Shipyards, LTD., v. Clark, 365 F.2d 464 (5th Cir.1966), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). In Allen, nylon lines normally used in a doubled up manner for docking the vessel, and fit for that purpose, were improperly used by the captain to test the flotation of a partially submerged shrimper in an effort to salvage the vessel. The court noted that it was the improper use of the nylon lines for the purpose of salvaging the vessel which caused the accident and created the unseaworthy condition. Id. at 361. Implicitly then, the fact that the lines were fit for their normal use, to dock the vessel, was not dispositive in determining the unseaworthiness of the vessel. Rather it was their use at the time of the accident that was controlling. Thus, in Foster v. Destin Trading Corp., 670 So.2d 1342 (La.App. 5 Cir.1996) the fact that the pine board in question was used by the plaintiff for a purpose for which it was arguably unfit when the accident occurred does not preclude a finding that the vessel in question was unseaworthy.
Although the vessel owner’s liability for an unseaworthy condition is absolute, a plaintiffs damages can be reduced to the extent that his negligence created the condition which rendered the vessel unseaworthy, or when he is comparatively negligent. See Villers Seafood Co., Inc. v. Vest, 813 F.2d 339 (11th Cir.1987); Valm v. Hercules Fish Products, Inc., 701 F.2d 235, 236 (1st Cir.1983); Hubbard v. Faros Fisheries, Inc., 626 F.2d 196 (1st Cir.1980); Clements v. Chotin Transportation, Inc., 496 F.Supp. 163 (M.D.La.1980). In the case before us, the plaintiff was negligent in helping to create the unseaworthy condition by failing to replace the worn pine boards no longer suitable to be used as walkway planks. As I believe the vessel to be unseaworthy, the plaintiff’s negligence would not serve as a bar to his recovery, but would serve to mitigate it in proportion to his fault Therefore, I would assess 50% liability to the plaintiff based on his own negligence, and the remainder to the defendant vessel owner, Destín Trading Co., based on its absolute duty to provide a seaworthy vessel, and allow plaintiff to recover to this extent.

. Gautreaux reversed only ihe part of the Allen opinion which held that seamen in Jones Act negligence cases are bound to a duty of slight care, rather than ordinary prudence, for their own safety.